[No. 3841.]

## V. G. JAMES *v.* THE STATE.

1. "LOCAL OPTION" LAW—TERMS DEFINED.—"Medicated bitters producing intoxication" are "intoxicating liquors" within the legal meaning of that term.

2. SAME—EVIDENCE.—To the introduction in evidence, by the State, of a copy of the order of the commissioners' court, declaring the result of the election under the local option law, the defense objected, first, that the order made the sale of medicated bitters, producing intoxication, a violation of law; second, that the said court had no jurisdiction to declare the prohibition of the sale of medicated bitters producing intoxication; and, third, that the order was void, because not in the words and form prescribed by Article 3233 of the Revised Statutes. *Held*, that the objections were not well taken, and that the order (for which see the statement of the case) was sufficient.

3. SAME.—Objection that the election was void, because the officers to hold the same were not appointed at the time the election was ordered, will not prevail; the record showing that the officers were duly appointed before the election, the presumption obtains that those officers held the election.

4. PRACTICE—CONTINUANCE.—The action of the trial court in overruling an application for a continuance will not be revised in the absence of a bill of exceptions duly reserved thereto.

### ON MOTION FOR REHEARING.

5. SAME.—The doctrine that the court will presume, in the absence of proof to the contrary, that the clerk of the court has fully discharged a duty imposed upon him by law, can not be extended to a private citizen, who is under no legal obligation to perform the duty imposed upon the clerk. See the opinion on motion for rehearing for a resume of evidence *held* insufficient to support a conviction for violating the "local option" law, in as much as it fails to show a legal posting of the requisite number of copies of the order of election.

APPEAL from the County Court of Lamar. Tried below before the Hon. M. J. Hathaway, County Judge.

The conviction in this case was for the violation of the local option law, and the penalty assessed against the appellant was a fine of two hundred dollars.

The order of the commissioners' court referred to in the second head note of this report, reads as follows:

"COMMISSIONERS' COURT, September 19, A. D. 1883.

"On this day the commissioners' court of Lamar county, Texas, met in special session, for the purpose of opening the polls and counting the votes of an election duly and legally held at the several election precincts in justice precinct No. 2, in Lamar county, Texas, on the eighth day of September, A. D. 1883, in accordance with an order of this court for an election to be held at the regular voting places within the said precinct, in said county, to determine whether or not the sale of intoxicating liquors or medicated bitters producing intoxication, shall be prohibited in the said justice precinct No. 2, in the said Lamar county, Texas, said order made and entered on the minutes of the said commissioners' court, on the thirteenth (13) day of August, 1883, as required by law. And the court having opened the polls, as shown by the returns of said election, and fully counted the votes cast at the same, as shown by said returns, and, it appearing to the court after such count, fully and fairly made, and the result fully ascertained at the said election so held, as aforesaid, that there were cast "For Prohibition," two hundred and sixteen (216) votes, and "Against Prohibition," ninety-four (94) votes, and that the majorities of the only and legally qualified voters of said justice's precinct No. 2, in said county, voting at the said election did vote "For Prohibition:"

"Now, therefore, it is hereby by the commissioners' court of Lamar county, Texas, pursuant to Article 3233, of Title LXIII of the Revised Statutes of the State of Texas, by this order declared that a majority of the votes cast at said election so held, as aforesaid, were "For Prohibition," and that the said election hath resulted in favor of the prohibition of the sale of intoxicating liquors and medicated bitters producing intoxication within the limits of the said justice precinct number two (2), in Lamar county, Texas, except as provided by law.

"It is therefore now hereby further ordered, published, and decreed, that the sale of intoxicating liquors and medicated bitters producing intoxication, except wines for sacramental purposes, and alcoholic stimulants in case of actual sickness, as prescribed by law, within the limits of justice's precinct number two (2), in Lamar county, in the State of Texas, be, and the same is hereby absolutely prohibited until such time as the qualified voters of said justice's precinct number two (2), in said county of Lamar, may, at a legal election, held for that purpose, by a majority vote determine otherwise,

"And it further appearing to the court, from the proof adduced, that the Paris *North Texan*, a newspaper published within the said county of Lamar, has the largest circulation in said Lamar county, Texas, it is therefore ordered by the court that this order of this court be published in the said Paris *North Texan*, a news paper published in said county, for four successive weeks."

*Hodges & Allen* and *D. K. Fooshee*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

HURT, JUDGE.    This is a conviction for violating the local option law.

The petition prays for an election to determine whether or not the sale of intoxicating liquors and *medicated bitters producing intoxication* shall be prohibited. It is urged by counsel for appellant that, under the Constitution of this State, no election can be had except to determine whether or not the sale of *intoxicating liquors* should be prohibited.

Evidently to our minds, medicated bitters producing intoxication are intoxicating liquors within the meaning of the Constitution. If we held otherwise, these local option districts would be flooded with intoxicating liquors containing some stuff called medicine.

Over the objection of appellant, the State introduced in evidence a copy of the order of the commissioners' court determining the result of the election, and prohibiting the sale of liquor in said precinct, etc. It appears from the bill of exceptions that the objections urged were, first, that said order makes the sale of medicated bitters producing intoxication a violation of the law. Second, because the court had no jurisdiction to declare the prohibition of medicated bitters producing intoxication, etc. Third, because said order is not in the words and form as is required by Article 3233, Revised Statutes.

These are the only objections relied upon by the appellant in his bill of exceptions. The first two have been considered above. The third is not well taken, because, if not in the "words" and form, as is required by the statute, it certainly contains all the essential requisites, and is more nearly in compliance with the statute than any we have examined.

Appellant insists that the election was void because the proper officers were not appointed to hold said election *at the time* the

order for the election was made. This is true, but the proper officers were appointed to hold said election at the February term of the commissioners' court. This was amply sufficient. Proper officers being appointed before the election, we will presume that they held said election.

The judgment in this case was rendered on the twenty-ninth of December, 1885. On the same day a motion for continuance was filed, presented, and overruled, but to the judgment of the court overruling said motion there was no bill of exceptions reserved; hence, the order of the court upon it will not be revised.

We have found no reversible error in the judgment, and it is affirmed.

*Affirmed.*

Opinion delivered April 22, 1886.

[Appellant moved for a rehearing, and at a subsequent day of the term his motion was sustained, the affirmance set aside, and the judgment reversed, for the reasons stated in the following opinion.]

ON MOTION FOR REHEARING.

HURT, JUDGE. It has been repeatedly decided by this court that to authorize a conviction for a violation of the local option law, it must appear that the requisite number of notices of the election were posted, as the law requires, in the district to be affected. (Ex parte Kramer, 19 Ct. App., 123; Smith v. State, Id., 444.)

In this case, from the evidence, it might be inferred that six notices were issued by the clerk, though the evidence of the clerk is to the effect that only five were issued. One of these was posted at the court house door, which was not in the district to be affected by the election. One other notice was handed to a citizen who resided in the district, with instructions to post the same. He did not do this himself, but testified in the case that he gave it to his son to be posted. There is nothing beyond this to show that this notice was posted. Now, giving to the evidence its utmost effect for the State, it shows that only five were sent out to be posted in the district, one having been put up at the court house. Under the rule announced at a former day the presumption which obtains, that a clerk will do, and has done his official duty, can not be extended to a private person, who is

under no legal obligation to perform the duty, or task, imposed upon him.

We are of the opinion that the conviction is not warranted by the evidence. The motion for rehearing is granted, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered May 22, 1886.