## EX PARTE LIGE WILLIFORD.

### No. 3407.  Decided November 14, 1906.

**Habeas Corpus—Appeal—Void and Voidable—Information.**

Where defendant pleaded guilty in the county court to a misdemeanor, and in default of payment of fine was committed to jail, and did not appeal, he was not entitled to his discharge upon habeas corpus by the sheer force of the fact that the complaint or information upon which he was prosecuted were invalid; and he could not invoke the remedy of habeas corpus, as the proceeding under which he was held was not void but at most voidable.

From Wood County.

Original application for habeas corpus for release from commitment for a conviction of a misdemeanor, on the ground that the information was defective.

The opinion states the case.

*Mounts & Jones,* for relator.—Ex parte Siebold, 100 U. S., 375; Ex parte Ah Sing, 87 Cal., 423; Ex parte Hays, 25 Florida, 279.

*J. E. Yantis,* Assistant Attorney-General, and *E. A. Tharp,* County Attorney, for respondent.

BROOKS, JUDGE.—This is an original application for the writ of habeas corpus. Relator was prosecuted by complaint filed in the justice court of precinct number 3 of Wood County, for the offense of

swindling: a misdemeanor. The affidavit was made before the justice of the peace of said precinct on April 17, 1905. The complaint was filed in the justice court and the warrant issued thereon by the justice. Relator was afterwards arrested and lodged in the county jail of Wood County. Soon afterwards he informed the officers he desired to enter a plea of guilty to the charge. Some three or four days elapsed before any action was taken. During this time relator frequently expressed a desire to plead guilty to the charge. On June 20, 1905, the complaint charging swindling was filed in the county court of Wood County, and the case was docketed in said court. An information was immediately filed in said court, based on said complaint, charging the offense of swindling. Relator appeared in open court, and being fully informed of the nature of the charge against him and the consequences of his pleading guilty, he stated to the court that he desired to plead guilty. Thereupon the information was read, and plea of guilty entered, and a fine of $5 and two days confinement in the county jail assessed against him. Failing to pay the fine he was committed to jail. Afterwards on June 27, 1905, relator applied for the writ of habeas corpus before Hon. J. O. Rouse, county judge, alleging that he was illegally restrained of his liberty by the sheriff. The county judge refused the writ. He made an application for the writ of habeas corpus to this court, whereupon relator was granted bail, and the hearing set down before the court.

If relator had any rights in the premises they could have been secured and maintained by prosecuting an appeal from said judgment of conviction (though the writer hereof does not think he had such right) but he did not see fit to do this and applied to this court for the writ of habeas corpus. We hold that under the circumstances relator was not entitled to his discharge by sheer force of the fact that the complaint or information upon which he was prosecuted was invalid. It is well settled in this State that, if the proceeding under which a party is held in custody or restrained of his liberty is voidable and not void, he cannot invoke the remedy offered by the writ of habeas corpus. Ex parte Dickerson, 30 Texas Crim. App., 448; Ex parte Boland, 11 Texas Crim. App., 159; Ex parte Beverly, 34 Texas Crim Rep., 644; Ex parte Larkin Reynolds, 35 Texas Crim. Rep., 437. We therefore hold that the writ of habeas corpus was improvidently granted; that under no circumstances was relator entitled to it in order to test the validity of a complaint or information. Relator is accordingly remanded to the custody of the officer, with the costs in this court taxed against him.

*Remanded to custody.*