### W. A. O'NEAL v. THE STATE.

No. 3806.   Decided March 6, 1907.

**1.—Occupation Tax—Ten Pin Alley—Indictment—Conjunction.**

In a prosecution for violating the occupation tax law, an indictment which charged in the same count that the defendant pursued the occupation of running and operating a ten pin alley and bowling alley for profit was sufficient; and the use of the conjunction "or" in place of "and" was immaterial.

**2.—Same—Hearsay—Declaration of Third Party.**

Where upon a trial for a violation of the occupation tax law, the issue was

as to whether defendant ran the ten pin alley for profit, and the evidence was on his part that he did not do so, it was error to permit testimony that some one told the witness that he paid the defendant for playing on said alley, but there was no evidence that the defendant heard this statement or knew of it.

Appeal from the County Court of Henderson. Tried below before the Hon. J. R. Blades.

Appeal from a conviction of violation of the occupation tax law; penalty, a fine of $150.

The opinion states the case.

*Miller & Royal,* for appellant.—Williams v. State, 23 Texas Crim. App., 499.

*J. E. Yantis,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of violating the occupation law against running a ten pin alley; and prosecutes this appeal.

Appellant made a motion to quash the indictment on the ground that same charged in the same count that appellant pursued the occupation of running and operating a ten pin alley and bowling alley for profit. Our statute uses the terms ten pin alley and bowling alley interchangeably. For instance, in the act levying occupation taxes (see Revised Civil Statutes, p. 1016) for every nine or ten pin alley, or any other alley used for profit by whatever name called, constructed or operated upon the principle of a bowling alley, etc., is amenable to the tax. Webster also defines ten pin alley or bowling alley as in effect synonymous. But even if this was not so, so far as the indictment is concerned the use of the conjunction "and" would not vitiate the indictment. This same matter is presented in the charge of the court, however, where the court uses the expression "or" between the terms ten pin alley and bowling alley. In the view we take of this matter, the use of the conjunction "or" was immaterial.

In the trial of the case appellant reserved a bill of exceptions to the testimony of the witness Otto Wetzel. This witness, over appellant's objection, was permitted to state that Joe Carroll told him (witness) that he (Carroll) paid to the defendant W. A. O'Neal 30 cents. There was no evidence that defendant heard this statement or knew of it. This was objected to on the ground that it was hearsay, which objection, we believe, was well taken and ought to have been sustained.

There was evidence pro and con on the issue as to whether appellant run the ten pin alley for profit; he introduced some witnesses who testified that he did not charge players for the alley, and he testified himself that although he made arrangements for running the alley and paid the city occupation taxes, yet he learned from the county attorney that parties could not bet the alley fees on the alley, and

he then saw that he could not run it for profit, and did not do so; that if any of his sons charged anything for the alley fees, it was without his knowledge. So that it was a material issue whether or not he charged persons who played on the alley; that is, whether or not he run said ten pin alley for profit. This hearsay evidence was therefore upon a material point in the case, and we cannot say that it was not calculated to prejudice appellant.

Appellant excepted to the court's charge, and requested a number of special instructions. In the view we take of the case, the charge sufficiently covered the material phases of the case, and the requested charges were not required, but for the error of the court in admitting the testimony of the witness Wetzel, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*