It is interesting to note that in State **v.** Shourds, 1954, 224 La. 955, 71 So.2d 340, and State v. Lea, 1955, 228 La. 724, 84 So. 2d 169, the Supreme Court of Louisiana has held that the rule of Dorsey had no application in cases involving other documents, confessions which were not introduced in evidence or oral confessions.

A discussion of the cases arising under the Federal Rules of Criminal Procedure, rules 16 and 17(a), 18 U.S.C.A. and those from states which have enacted statutes authorizing pre-trial inspection of documents in the hands of the prosecution would be of no benefit in this jurisdiction.

We have again examined appellant's other contentions and remain convinced that this cause was properly decided originally.

Appellant's motion for rehearing is overruled.

Opinion approved by the Court.

**Ex parte Horace PATTERSON.**

**No. 30326.**

Court of Criminal Appeals of Texas.

Nov. 5, 1958.

Chappell & Chappell, John R. McFall, Lubbock, for relator.

Frank B. McCowan, Dist. Atty., Dumas, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

This is an original application for habeas corpus attacking the validity of an order revoking probation and pronouncing sentence.

No reason appears why the question raised was not or could not yet be presented by appeal from said order and sentence.

Whether relator is entitled to relief depends upon facts and findings not brought before us, such as whether the violation of probation occurred during the term thereof and whether the hearing on the State's motion to revoke filed during said term was unduly delayed.

In the absence of a showing that the question raised should not or cannot be presented by appeal, the relief prayed for will be denied.