George William McCULLOUGH, Appellant,

v.

The STATE of Texas, Appellee.

No. 43294.

Court of Criminal Appeals of Texas.

Dec. 9, 1970.

Rehearing Denied Jan. 20, 1971.

---

Zaremba, Davis & Brock by Peter P. Zaremba, Austin, for appellant.

Robert O. Smith, Dist. Atty., Robert A. Huttash and Sykes Houston, Asst. Dist. Attys., and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is robbery with firearms; the punishment, twenty-five (25) years.

■ Appellant's first ground of error is that the court erred in failing to "throw out" the indictment because the appellant was not afforded an examining trial. Appellant sent a letter to the District Attorney's office requesting an examining trial; no reply was received. Eight days later, appellant was indicted by the grand jury. The return of the indictment terminated any right to an examining trial. As this Court said in Harris v. State, 457 S.W.2d 903, at page 907:

"Though the preliminary hearing provided for in Article 16.01, V.A.C.C.P., may be a practical tool for discovery by the defendant, the primary justification for its existence is to protect the in-

nocent defendant from incarceration on a totally baseless accusation.[1] Therefore, before the accused may be held for grand jury action, our statutes require the prosecution to justify his incarceration by proving in an examining trial before a magistrate that there is probable cause to believe the accused committed the offense charged. Article 16.17, V.A.C.C.P. See also Barrett v. United States, 270 F.2d 772, 775 (8th Cir., 1959). If the grand jury returns a true bill prior to the time that an examining trial is held, the principal purpose and justification of such hearing has been satisfied."

■ Appellant's second ground of error is that the court erred in allowing testimony to be introduced as to the lineup. The first time a lineup was mentioned was on appellant's cross-examination of a witness. There is an entire absence of any showing that the appellant was denied counsel's presence at the lineup. The only objection is as follows:

"State's Attorney: 'Did you have occasion to see the defendant?'

"Appellant's Attorney: 'I object, Your Honor. Your Honor, I would like for him to see what people were there, if any, and then identify—'

"The Court: 'The District Attorney has the right to ask what questions he wants to, but that was a leading question.'"

No motion was made to strike the identification witnesses' testimony on the grounds that the identifications were tainted by an illegal lineup. Ground of error number two is without merit.

■ Ground of error number three is that the court erred in admitting a picture of the lineup to be introduced. The objec-

---

[1]. The traditional and statutory purposes of an examining trial are (1) to determine whether there is sufficient evidence of guilt to warrant further proceedings and if not to discharge the accused (Article 16.17, Vernon's Ann.C.C.P.) and (2) to determine if bail should be allowed, and if so, to fix the amount of bail (Article 16.01, V.A.C.C.P.), and (3) to perpetuate the testimony of witnesses (Article 16.09, V.A.C.C.P.). As to the discovery aspects of such a hearing, see Articles 39.01 and 39.04, V.A.C.C.P.

tion was on non-constitutional grounds. If the same had been based on fourth or fifth amendment grounds, there is no evidence in this record to indicate that the appellant was illegally detained at the time the picture was taken or was without counsel when the picture was taken. It does show five young men appearing to be of the same race, approximately the same age, height, weight, and clothed similarly. Ground of error number three is overruled.

The judgment is affirmed.