Darrell G. **GAITHER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45130.

Court of Criminal Appeals of Texas.

March 8, 1972.

Rehearing Denied May 3, 1972.

Robert P. Barnett, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and William A. Olsen, Jr., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is assault with intent to murder with malice; the punishment, ten (10) years upon a plea of guilty before the court.

Appellant waived his right of trial by jury and entered into a written stipulation of evidence wherein he waived the appearance, confrontation and cross-examination of witnesses and consented to the introduction of testimony by affidavits, written statements and other documents. Appellant then made a judicial confession to the offense charged against him.

In his brief counsel for appellant contends that the conviction was secured in violation of Article 16.01, Vernon's Ann.C.C.P., which provides for an examining trial.

The record reflects that an indictment for the offense for which appellant was tried was returned against him on May 18, 1970. The record fails to reflect that appellant requested an examining trial before the return of the indictment. The return of the indictment terminates the right to an examining trial. Klechka v. State, Tex.Cr.App., 429 S.W.2d 900, cert. denied

89 S.Ct. 672, 393 U.S. 1044, 21 L.Ed.2d 592, and the cases cited therein. The fact that appellant did not receive an examining trial prior to the return of the indictment does not entitle him to a reversal of his conviction. Gooden v. State, Tex.Cr.App., 425 S.W.2d 645. See also Harris v. State, Tex. Cr.App., 457 S.W.2d 903.

Appellant, in his pro se brief, makes three contentions. Two of these involve alleged irregularities in his extradition from Arizona. However, such irregularities, if they had been established do not afford an accused immunity from prosecution. Hinkle v. State, Tex.Cr.App., 422 S.W.2d 728; Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541.

Appellant's remaining contention, as we understand it, is that his plea of guilty was involuntary because he was faced with standing trial or pleading guilty and possibly receiving a shorter sentence and that "the violation to [his rights] prior to trial intimidated him into believing he was not to be afforded any justice."

In Schnautz v. Beto, 416 F.2d 214, the Fifth Circuit said:

"All pleas of guilty are the result of some pressures or influences on the mind of the defendant . . .. This is a good time, too, to reiterate the principle that a plea is not rendered involuntary solely because it was induced as a result of a plea bargaining situation . . .. The crucial issue is whether, under all the facts and circumstances, the plea was truly voluntary. The plea must be a genuine one by a defendant who understands the situation, his rights, and the consequences of his plea and is neither deceived nor coerced."

The record reflects that appellant was duly admonished concerning the consequences of his plea and that he knowingly and intelligently entered such plea. Consequently, appellant may not now be heard to complain of his decision.

The judgment is affirmed.