**Ex parte James A. MENEFEE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 54780.**

Court of Criminal Appeals of Texas.

Oct. 5, 1977.

Dissenting Opinion March 8, 1978.

---

James A. Menefee, pro se.

Tom Hanna, Dist. Atty., and John R. DeWitt, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal entered in a habeas corpus proceeding.

On original submission the appeal was dismissed for lack of a notice of appeal. By supplemental transcript, it has been shown that notice of appeal was timely given. The appeal is reinstated.

The question presented is apparently one of first impression. Is an indictment returned against a juvenile after a discretionary transfer from juvenile court void for the failure of the district court, to which the transfer was made, to conduct an examining trial prior to the return of the indictment?

An agreed statement of facts is in the record before us. It reflects that on February 25, 1977 the Judge of the County Court of Jefferson County, sitting as Judge of the Juvenile Court, entered an order waiving jurisdiction and transferring the cause in question to the Criminal District Court of Jefferson County.

On March 7, 1977 the Honorable Danny Doyle, attorney for petitioner, requested an examining trial for the petitioner from the said Criminal District Court in accordance with the Texas Family Code. On March 9, 1977 the Judge of the Criminal District Court, noting the above request, wrote the Juvenile Court Judge for the record of the certification and all papers in connection therewith.

Subsequent to March 9, 1977 the Criminal District Judge held several conversations with petitioner's counsel and members of the District Attorney's staff. As a result of congestion of the court's docket, the District Attorney's staff was instructed to present the matter to the grand jury immediately "or notify the Court so that an examining trial could be scheduled at the earliest possible time."

On March 24, 1977 the grand jury indicted the petitioner for murder in Cause No. 34453.

On March 31, 1977 the petitioner filed his application for writ of habeas corpus alleging that the indictment was void because he had been denied an examining trial prior to the return of the indictment in violation of V.T.C.A., Family Code, § 54.02(b). Petitioner contended that he had been deprived of one of the essential steps provided by law before a juvenile can be tried as an

adult—to have the District Court consider whether petitioner should be remanded to the jurisdiction of the Juvenile Court rather than being referred to the grand jury for consideration of whether an indictment should be presented. He thus urges that there has been a violation of Article 54.02, supra, and a deprivation of due process and that the indictment is void.

On April 4, 1977, acting upon an agreed statement of facts, the Judge of the Criminal District Court entered an order denying relief. On the same date notice of appeal was given. Petitioner's counsel has filed no brief and the District Attorney has filed a brief simply adopting Attorney General's Opinion M–1151 (1972) interpreting Article 2338–1, § 6(j), Vernon's Ann.C.S., the forerunner of V.T.C.A., Family Code, § 54.02(b). Said opinion held that a District Court was not required to conduct an examining trial in the case of a child transferred from Juvenile Court for prosecution as an adult when no examining trial is requested and that the return of an indictment terminates the right of such juvenile to an examining trial.

At the outset we must determine whether this court may review the question presented by writ of habeas corpus. In *Ex parte Dickerson*, 549 S.W.2d 202 (Tex.Cr. App.1977), this court wrote:

".  .  . Ordinarily, in this State, when there is a valid statute or ordinance under which a prosecution may be brought, habeas corpus is not available either prior to or after trial to test the sufficiency of the complaint, information, or indictment. *Ex parte Jarvis*, 109 Tex. Cr.R. 52, 3 S.W.2d 84 (1928); *Ex parte Minor*, 146 Tex.Cr.R. 159, 172 S.W.2d 347 (1943); *Ex parte Meers*, 129 Tex.Cr.R. 465, 88 S.W.2d 100 (1935); *Ex parte Beverly*, 34 Tex.Cr.R. 644, 31 S.W. 645 (1895); *Ex parte Williford*, 50 Tex.Cr.R. 417, 100 S.W. 919 (1907); *Ex parte Webb*, 113 S.W. 545 (Tex.Cr.App.1908); *Ex parte Wolf*, 55 Tex.Cr.R. 231, 115 S.W. 1192 (1909). However, if the pleading, on its face, shows that the offense charged is barred by limitations the complaint, in-formation, or indictment is so fundamentally defective that the trial court does not have jurisdiction and habeas corpus relief should be granted. *Ex parte Hoard*, 63 Tex.Cr.R. 519, 140 S.W. 449 (1911); cf. *Ex parte Stein*, 61 Tex.Cr.R. 320, 135 S.W. 136 (1911); *People v. McGee*, 1 Cal.2d 611, 36 P.2d 378 (1934); *Ex parte Vice*, 5 Cal.App. 153, 89 P. 983 (1907); *Ex parte Connolly*, 16 Cal.App.2d 709, 61 P.2d 490 (1936)."

If a juvenile who has been transferred to the District Court for criminal proceedings has the right to an examining trial before indictment, then an indictment returned prior to the examining trial is premature and void. The District Court has no jurisdiction to proceed on a void indictment, and habeas corpus relief is available.

We turn to a consideration of the question before us. The first discretionary transfer provision in Texas was enacted by amendment of § 6 of Article 2338–1, Vernon's Ann.C.S. (Acts 1965, 59th Leg., p. 1256, ch. 577, § 3), which provided:

"Section 6. A transfer may be made of cases from one Juvenile Court to another Juvenile Court where a child under the jurisdiction of one Juvenile Court has moved from one county to another, and where it is to the best interest of such child so to do. The Juvenile Court having jurisdiction of a child may transfer the case to the Juvenile Court of the county in which the child may be then residing, and shall send transcripts of records to the Judge of the other Court, which shall be filed in the office of the clerk of such Court.

"If a child sixteen (16) years of age or older is charged with an offense which would be a felony if committed by an adult and if the Court, after diagnostic study, social evaluation and full investigation, deems it contrary to the best interest of such child or the public to retain jurisdiction, the Court may, in its discretion, certify such child for proper criminal proceedings in any court which would have jurisdiction of the offense, if committed by an adult; but no child under

sixteen (16) years of age at the time the offense is committed shall be so certified and no child under sixteen (16) years of age at the time the offense is committed shall be prosecuted as an adult at any later date unless transferred by the Juvenile Court, and all such offenses committed by children not so transferred shall be subject to disposition by the Juvenile Court only. Such certification shall include the written order and findings of the Juvenile Court and shall be accompanied by a complaint against the accused in accordance with applicable provisions of the Code of Criminal Procedure of the State of Texas.

"*Upon certification to the District Judge having jurisdiction under the provisions of this Act, the District Judge shall have the powers and duties conferred upon examining magistrates by Chapter 3 of the Code of Criminal Procedure of the State of Texas. Provided that upon hearing the District Judge shall make an order committing the child to jail, discharging him, admitting him to bail, or remanding him to the custody of the Juvenile Court as the law and facts of the case may require. Provided further that if the child is held or bound over for action by the Grand Jury, the Grand Jury may return an indictment for the offense charged or may recommend that the child be remanded to the custody of the Juvenile Court. If the Grand Jury recommends that the child be returned or remanded to the custody of the Juvenile Court, no further action by the Grand Jury or future Grand Jury can be taken*

*against the child in regard to the offense charged or the acts for which the child stood accused and which were investigated by the Grand Jury. If the Grand Jury returns an indictment, the child shall be subject to the penal laws of this State and tried in accordance with the Penal Code and the Code of Criminal Procedure as if the child were an adult.*" (Emphasis supplied.) [1]

In *Foster v. State*, 400 S.W.2d 552 (Tex. Cr.App.1966), a portion of the amendment to § 6 was held unconstitutional.[2]

In 1967 § 6 of said Article 2338–1 was again amended (Acts 1967, 60th Leg., p. 1082, ch. 475). Said amendment provided as follows:

"Sec. 6. (a) When a child under the jurisdiction of a court moves from one county to another the court may transfer the case to the court in the county of the child's residence if the transfer is in the child's best interest. The transferring court shall forward transcripts of records in the case to the judge of the receiving court, who shall file them in the office of his clerk.

"(b) If a child is charged with the violation of a penal law of the grade of felony and was fifteen years of age or older at the time of the commission of the alleged offense, the juvenile court may, within a reasonable time after the alleged offense, waive jurisdiction by following the requirements set out in Subsections (c) through (j) of this section, and transfer the child to the appropriate district court or criminal district court for criminal proceedings.

1. Prior to the 1965 amendment, § 6 consisted only of the first paragraph set out above.

2. In *Foster* the court wrote:
   "That portion of the amendment of Section 6 of Article 2338–1 which provides 'no child under sixteen (16) years of age at the time the offense was committed shall be prosecuted as an adult at any later date unless transferred by the Juvenile Court, and all such offenses committed by children not so transferred shall be subject to disposition by the Juvenile Court only,' is so indefinitely framed and of such doubtful construction that it cannot be understood, either from the

language in which it is expressed or from some other written law of the state, and must be regarded as wholly inoperative. Article 6 P.C.; *Ex parte Marshall*, 72 Tex.Cr.R. 83, 161 S.W. 112.

   "Under the holding of this Court in *Ex parte Meyer*, 172 Tex.Cr.R. 403, 357 S.W.2d 754, and cases cited, such portion of the statute is likewise invalid because the Caption of the Act is misleading and fails to give notice that persons under 16 years of age at the time the offense was committed were to be exempted from penal laws and criminal prosecution."

"(c) The juvenile court shall conduct an informal hearing under Section 13 of this Act on the issue of waiver of jurisdiction.

"(d) Prior to the hearing, the juvenile court shall order and obtain a complete diagnostic study, social evaluation, and full investigation of the child, his circumstances, and the circumstances of the alleged offense.

"(e) The juvenile court shall appoint counsel for any child who does not have retained counsel, and shall allow counsel at least ten days to prepare for the hearing. The presence of counsel at the hearing may not be avoided or waived. Appointed counsel is entitled to a fee for each day actually spent in court in the amount and from the same source as specified in Article 26.05 of the Code of Criminal Procedure, or any future amendment of that article.

"(f) The juvenile court shall give counsel access to all the records relating to the child including the report of the investigation that must precede the hearing in the possession of the court, its staff, or employees. The juvenile court may refuse to reveal the source of any information if it finds that revelation would be injurious to the child or would prejudice the future availability of similar information. If the court refuses to reveal the source of any information and the child or his counsel objects to the refusal, the court shall preserve the identity of the source and make it available to the district or criminal district court if the child is transferred for criminal proceedings.

"(g) After full investigation and hearing the juvenile court shall retain jurisdiction of the case unless it determines that, because of the seriousness of the offense or the background of the offender, the welfare of the community requires criminal proceedings.

"(h) In making the determination under Subsection (g) of this section, the court shall consider, among other matters:

"(1) whether the alleged offense was against person or property, with greater weight in favor of waiver given to offenses against the person;

"(2) whether the alleged offense was committed in an aggressive and premeditated manner;

"(3) whether there is evidence upon which a grand jury may be expected to return an indictment;

"(4) the sophistication and maturity of the child;

"(5) the record and previous history of the child;

"(6) the prospects of adequate protection of the public and the likelihood of reasonable rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.

"(i) If the juvenile court retains jurisdiction, the child is not subject to prosecution at any time for any offense alleged in the petition or for any offense within the knowledge of the juvenile judge as evidenced by anything in the record of the proceeding.

"(j) *If the juvenile court waives jurisdiction it shall certify its action, including the written order and findings of the court and accompanied by a complaint against the child, and transfer the child to the appropriate district court or criminal district court for criminal proceedings. Upon transfer of the child for criminal proceedings he shall be dealt with as an adult and in accordance with the Code of Criminal Procedure. The transfer of custody is an arrest. However, the examining trial shall be conducted by the district court or criminal district court which may remand the child to the jurisdiction of the juvenile court.*[3]

"(k) If the child's case is brought to the attention of the grand jury and the grand jury does not indict for the offense charged in the complaint forwarded by the juvenile court, the district court or criminal district court shall certify the

---

3. Subsection (j) was the provision interpreted in Attorney General Opinion M–1151 (1972).

grand jury's failure to indict to the juvenile court. Upon receipt of the certification the juvenile court may resume jurisdiction of the child."

Article 2338–1, supra, was replaced by V.T.C.A., Family Code, § 54.02, which reads as follows:

"(a) The juvenile court may waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal district court for criminal proceedings if:

"(1) the child is alleged to have violated a penal law of the grade of felony;

"(2) the child was 15 years of age or older at the time he is alleged to have committed the offense and no adjudication hearing has been conducted concerning that offense; and

"(3) after full investigation and hearing the juvenile court determines that because of the seriousness of the offense or the background of the child the welfare of the community requires criminal proceedings.

"(b) The petition and notice requirements of Sections 53.04, 53.05, 53.06, and 53.07 of this code must be satisfied, and the summons must state that the hearing is for the purpose of considering discretionary transfer to criminal court.

"(c) The juvenile court shall conduct a hearing without a jury to consider transfer of the child for criminal proceedings.

"(d) Prior to the hearing, the juvenile court shall order and obtain a complete diagnostic study, social evaluation, and full investigation of the child, his circumstances, and the circumstances of the alleged offense.

"(e) At the transfer hearing the court may consider written reports from probation officers, professional court employees, or professional consultants in addition to the testimony of witnesses. At least one day prior to the transfer hearing, the court shall provide the attorney for the child with access to all written matter to be considered by the court in making the transfer decision. The court may order counsel not to reveal items to the child or his parent, guardian, or guardian ad litem if such disclosure would materially harm the treatment and rehabilitation of the child or would substantially decrease the likelihood of receiving information from the same or similar sources in the future.

"(f) In making the determination required by Subsection (a) of this section, the court shall consider, among other matters:

"(1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;

"(2) whether the alleged offense was committed in an aggressive and premeditated manner;

"(3) whether there is evidence on which a grand jury may be expected to return an indictment;

"(4) the sophistication and maturity of the child;

"(5) the record and previous history of the child; and

"(6) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.

"(g) If the juvenile court retains jurisdiction, the child is not subject to criminal prosecution at any time for any offense alleged in the petition or for any offense within the knowledge of the juvenile court judge as evidenced by anything in the record of the proceedings.

"(h) *If the juvenile court waives jurisdiction, it shall state specifically in the order its reasons for waiver and certify its action, including the written order and findings of the court, and transfer the child to the appropriate court for criminal proceedings. On transfer of the child for criminal proceedings, he shall be dealt with as an adult and in accordance with the Texas Code of Criminal Procedure, 1965. The transfer of custody is an arrest. The examining trial shall be con-*

*ducted by the court to which the case was transferred, which may remand the child to the jurisdiction of the juvenile court.*

"(i) If the child's case is brought to the attention of the grand jury and the grand jury does not indict for the offense charged in the complaint forwarded by the juvenile court, the district court or criminal district court shall certify the grand jury's failure to indict to the juvenile court. On receipt of the certification, the juvenile court may resume jurisdiction of the case.

"(j) The juvenile court may waive its exclusive original jurisdiction and transfer a person to the appropriate district court or criminal district court for criminal proceedings if:

"(1) the person is 18 years of age or older;

"(2) the person was 15 years of age or older and under 17 years of age at the time he is alleged to have committed a felony;

"(3) no adjudication concerning the alleged offense has been made or no adjudication hearing concerning the offense has been conducted; and

"(4) the juvenile court finds from a preponderance of the evidence that after due diligence of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person because:

"(A) the state did not have probable cause to proceed in juvenile court and new evidence has been found since the 18th birthday of the person; or

"(B) the person could not be found.

"(k) The petition and notice requirements of Sections 53.04, 53.05, 53.06, and 53.07 of this code must be satisfied, and the summons must state that the hearing is for the purpose of considering waiver of jurisdiction under Subsection (j) of this section.

"(1) The juvenile court shall conduct a hearing without a jury to consider waiver of jurisdiction under Subsection (j) of this section." (Emphasis supplied.)

It is clear from these enactments that the legislative intent has been that a three step procedure be followed before a juvenile, sixteen and later fifteen years old or older, is tried in district court as an adult. At each step safeguards were provided. If the juvenile court decides to retain jurisdiction at the hearing to determine if the court should waive jurisdiction and certify the juvenile for criminal proceedings, that ends the matter with regard to certification. The juvenile then will be handled as a juvenile. If there has been certification and the district court, following an examining trial, decides to remand the juvenile to juvenile court, then the juvenile will not be tried as an adult but will be subject to the jurisdiction of the juvenile court. If the juvenile, after an examining trial in district court, is bound over for action by the grand jury and the grand jury does not indict, the district court certifies such failure to indict to the juvenile court and the jurisdiction of the case is resumed by the juvenile court. Thus, at any of the three steps if there is a decision not to prosecute the juvenile as an adult, then the juvenile will not be so prosecuted.

While there have been changes in the language in the various enactments, the purpose and basic procedure has remained the same.

The question of whether an examining trial is absolutely essential to such procedure has never been ruled upon by this court. In *Garza v. State*, 469 S.W.2d 169 (Tex.Cr.App.1971), the defendant contended that § 6(j) of Article 2338–1, Vernon's Ann. C.S., then in effect, made mandatory an examining trial in the procedure described. The court noted the appellate record reflected that an examining trial had in fact been held and the contention advanced by the defendant was without merit. In *Dillard v. State*, 477 S.W.2d 547 (Tex.Cr.App. 1971), the defendant contended he had been denied an examining trial after certification from juvenile court, but the contention was without merit as the record reflected he had stipulated an examining trial was held prior to indictment.

829

In *Winegarner v. State*, 505 S.W.2d 303 (Tex.Cr.App.1974), the defendant contended the district court did not have jurisdiction to try him for murder as there had been no examining trial prior to indictment. There this court wrote:

"The record does not show that an examining trial was not held, hence nothing is presented to us for review . . ...."

In *Tatum v. State*, 534 S.W.2d 678 (Tex. Cr.App.1976), the record reflected the examining trial was held in the 167th District Court of Travis County rather than in the 147th District Court of the same county to which the cause had been transferred from juvenile court. The opinion noted that Article 199, § 167(G), permitted cases to be transferred between district courts, and such transfer was not error and did not render the convictions void.

There are other cases which do not address the exact question before us but which indicate the holding of an examining trial is a part of the proper procedure to be followed. See *Ellis v. State*, 543 S.W.2d 135 (Tex.Cr.App.1976) (footnote # 2); *Jackson v. State*, 449 S.W.2d 242 (Tex.Cr.App.1969); *Jackson v. State*, 449 S.W.2d 245 (Tex.Cr. App.1969).

The State argues in the instant case that V.T.C.A., Family Code, § 54.02(h), provides that upon transfer of the juvenile for criminal proceedings "he shall be dealt with as an adult and in accordance with the Texas Code of Criminal Procedure 1965." It then contends that Article 16.01, Vernon's Ann. C.C.P., provides for an examining trial, but such right to an examining trial is terminated by the return of an indictment. See *Harris v. State*, 457 S.W.2d 903, 907 (Tex. Cr.App.1970), reversed on other grounds, 403 U.S. 947, 91 S.Ct. 2291, 29 L.Ed.2d 859 (1971), and cases there cited; *Brown v. State*, 475 S.W.2d 938 (Tex.Cr.App.1971); *McDonald v. State*, 513 S.W.2d 44 (Tex.Cr. App.1974). See also *Gaither v. State*, 479 S.W.2d 50 (Tex.Cr.App.1972); *McCullough v. State*, 461 S.W.2d 404 (Tex.Cr.App.1970); *Wilhelm v. State*, 426 S.W.2d 850 (Tex.Cr. App.1968); *Gooden v. State*, 425 S.W.2d 645 (Tex.Cr.App.1968). This rule has been adhered to even in situations where an examining trial has been requested but an indictment has been returned before a hearing could be held. *Solomon v. State*, 467 S.W.2d 422 (Tex.Cr.App.1971); *Thumann v. State*, 466 S.W.2d 738 (Tex.Cr.App.1971); *Ash v. State*, 420 S.W.2d 703 (Tex.Cr.App. 1967).

The State thus argues that if a certified and transferred juvenile is to be dealt with as an "adult" then the return of an indictment terminates the right to an examining trial even if one has been requested. This, of course, was the rationale of the Attorney General's Opinion M–1151 (1972).

In *Harris v. State*, supra, it was noted in footnote # 1 that the traditional and statutory purposes of an examining trial are: (1) to determine whether there is sufficient evidence of guilt to warrant further proceedings and if not to discharge the accused (Article 16.17, Vernon's Ann.C.C.P.), and (2) to determine if bail should be allowed, and if so, to fix the amount of bail (Article 16.01, Vernon's Ann.C.C.P.), and (3) to perpetuate the testimony of witnesses (Article 16.09, Vernon's Ann.C.C.P.).

There is, however, an additional feature to an examining trial for a juvenile who has been certified to district court for criminal proceedings. Said § 54.02(h) provides that after such examining trial the court may remand the juvenile to juvenile court, thus terminating criminal proceedings against the juvenile. While the same subsection (h) provides that the juvenile shall be dealt with as an adult, the district court in an examining trial for an adult has no authority to remand an adult to juvenile court. Thus, a juvenile in such situation has an additional right that other "adults" do not have. It is a valuable right, for it furnishes another opportunity to have the criminal proceedings against the juvenile terminated and the jurisdiction of the juvenile court resumed.

The examining trial before the district court clearly appears to be the second vital step in determining whether a juvenile should be tried as an adult. While various

enactments set out above indicate the language has been changed from the 1965 enactment until the present statute, the essence of the three step procedure has remained the same.[4]

We conclude that the indictment, having been returned prior to an examining trial, is void, that this court has jurisdiction, that the indictment should be set aside, and the appellant accorded an examining trial.

The judgment is reversed and the cause remanded.

## MOTION FOR REHEARING

DOUGLAS, Judge, dissenting.

The majority overrules the State's motion for rehearing without written opinion. On original submission a majority of the Court reversed the order of the district court denying habeas corpus relief and remanded the cause so that petitioner could be afforded an examining trial. At issue in this appeal is the legislative intent behind V.T.C.A., Family Code, Section 54.02(h) (Amended by Acts 1975, 64th Leg., p. 2156, ch. 693, § 16), which provides:

"(h) If the juvenile court waives jurisdiction it shall state specifically in the order its reasons for waiver and certify its action, including the written order and findings of the court, and transfer the child to the appropriate court for criminal proceedings. On transfer of the child for criminal proceedings, he shall be dealt with as an adult and in accordance with the Texas Code of Criminal Procedure, 1965. The transfer of custody is an arrest. *The examining trial shall be conducted by the court to which the case was transferred, which may remand the child to the jurisdiction of the juvenile court.*" (Emphasis supplied).

We should grant the State's motion for rehearing and hold that the Legislature, by its enactment of Section 54.02(h), did not intend that an indictment returned against a juvenile, after waiver and transfer from the juvenile court, should be void for failure of the district court to conduct an examining trial prior to the return of the indictment.

We should not consider this question in a habeas corpus proceeding before trial. The proper remedy, if any, lies not in habeas corpus but by appeal to this Court. We have often stated that habeas corpus may not be used as a substitute for appeal. *Ex parte Powell*, 558 S.W.2d 480 (Tex.Cr.App. 1977); *Mixon v. State*, 365 S.W.2d 364 (Tex. Cr.App.1963); *Ex parte Eldridge*, 154 Tex. Cr.R. 50, 224 S.W.2d 262 (1949). Neither may it be used, as it is in this case, to test the validity of an indictment. *Ex parte Oliver*, 374 S.W.2d 894 (Tex.Cr.App.1964); *Ex parte Brannon*, 163 Tex.Cr.R. 311, 290 S.W.2d 914 (1956). In the absence of a showing that the question should not or cannot be presented by appeal, this Court should not exercise jurisdiction. *Ex parte Patterson*, 317 S.W.2d 536 (Tex.Cr.App. 1958). The majority is getting close to allowing several appeals in one case before and after conviction. We have enough to do without having more appeals.

This Court's opinion in *Harris v. State*, 457 S.W.2d 903 (Tex.Cr.App.1970), enumerated the traditional and statutory purposes of an examining trial in adult criminal proceedings. They are:

(1) to determine whether there is sufficient evidence of guilt to warrant further proceedings and, if not, to discharge the accused (Article 16.17, V.A.C.C.P.);

(2) to determine if bail should be allowed, and if so, to fix the amount of bail (Article 16.01, V.A.C.C.P.); and

(3) to perpetuate the testimony of witnesses (Article 16.09, V.A.C.C.P.).

It is the first and last of these that immediately concern the juvenile offender, prior to transfer to the criminal district court.

While juvenile court adjudications need not conform to all the requirements of an adult criminal prosecution, such proceedings must nevertheless afford the child the benefits of due process. *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). To

---

4. A discussion of some of the language changes is found in 5 Tex.Tech L.Rev. 564 (1974).

this end, Section 54.02 of the Family Code adequately ensures the perpetuation of testimony and the determination of probable cause in the juvenile court. The statute provides, in part:

"(c) The juvenile court shall conduct a hearing without a jury to consider transfer of the child for criminal proceedings.

"(d) Prior to the hearing, the juvenile court shall order and obtain a complete diagnostic study, social evaluation, and full investigation of the child, his circumstances, and the circumstances of the alleged offense.

" * * *

"(f) In making the determination required by Subsection (a) of this section, the court shall consider, among other matters:

" * * *

"(3) whether there is evidence on which a grand jury may be expected to return an indictment."

Under these statutory provisions, two of the three primary functions of an examining trial have been incorporated by the Legislature into juvenile court proceedings. It was not intended that these functions be needlessly duplicated by an examining trial in the district court.

Two of the three purposes of an examining trial have already been fulfilled in the juvenile court prior to the child's transfer to the district court for criminal proceedings. Did the Legislature intend that the district court should be required to duplicate prior findings on probable cause and preserve testimony already presented in the juvenile court? We should conclude that it did not. Neither should we ascribe to the theory that the Legislature considered a full examining trial imperative to fulfill the sole remaining function of setting or denying bail, a procedure performable by the district court, in any event, Article 2.09, V.A.C.C.P., and which does not necessitate an examining trial.

It is argued that the Legislature's intent that an examining trial be accorded a juvenile under past waiver and transfer provisions is indicative of its intent that such proceedings be mandatory under the current statute. Article 2338–1, Section 6, V.A.T.S. (Acts 1965, 59th Leg., p. 1256, ch. 577, § 3), this State's first discretionary transfer statute, provided in part:

"[I]f the Court, after diagnostic study, social evaluation and full investigation, deems it contrary to the best interests of such child or the public to retain jurisdiction, *the Court may, in its discretion, certify such child for proper criminal proceedings in any court which would have jurisdiction of the offense, if committed by an adult . . . .*

" * * *

"*Upon certification to the District Judge having jurisdiction under the provisions of the Act, the District Judge shall have the powers and duties conferred upon examining magistrates by Chapter 3 of the Code of Criminal Procedure of the State of Texas.* Provided that upon hearing the District Judge shall make an order committing the child to jail, discharging him, admitting him to bail, or remanding him to the custody of the Juvenile Court as the law and facts of the case may require." (Emphasis supplied).

Of importance is the fact that under this statute no provision existed for the determination of probable cause or perpetuation of testimony in the juvenile court prior to waiver of jurisdiction. Thus, the task of fulfilling these functions fell to the district court to which the case was certified. This, however, was the only preliminary hearing provided for by the Legislature. The statute did not call for determinations made in one court to be needlessly duplicated in another.

The argument has also been made that from each of our two preceding waiver and transfer statutes there may be discerned a clear legislative intent that a three-step procedure be followed before a juvenile is tried in district court, and that safeguards should exist at each step. The first step, it is asserted, occurs at the waiver and transfer hearing conducted in the juvenile court.

As has been noted, however, Article 2338–1, Section 6, provided for no such hearing. Thus, under the 1965 statute, the ostensible "first step" and its attendant safeguards simply did not exist. It is contended that the "second step" in this three-stage procedure is the examining trial in the district court to which the child is transferred. It cannot be assumed that this step, either, was intended by the Legislature to constitute a mandatory safeguard. It is clear that under the 1965 version of Article 2338–1, Section 6, the district court to which a juvenile was transferred was to perform the function of an examining magistrate. The shifting of that burden to the juvenile court in 1967, however, brought about significant changes in the language of its successor statute, Article 2338–1, § 6(j) (Acts 1967, 60th Leg., p. 1082, ch. 475). Article 2338–1, § 6(j) provided in part:

"(j) [H]owever, the examining trial shall be conducted by the district court or criminal district court which may remand the child to the jurisdiction of the juvenile court."

There are no decisions of this Court which have interpreted Article 2338–1, § 6(j) as mandating, prior to its repeal, an examining trial in the district court subsequent to transfer of jurisdiction and prior to the return of an indictment against a juvenile. Indeed, the language of Article 2338–1, § 6(j) is almost identical to that employed in Section 54.02(h) of the Family Code—language which we construe here for the first time. Thus, it has never been made clear that, under past waiver and transfer provisions, an examining trial in district court was a mandatory "second step" in the process of prosecuting a juvenile in an adult tribunal.

To require that a juvenile receive an examining trial prior to the return of an indictment against him will not only result in duplicitous proceedings, but in the review by one district judge of the findings of another.[1] Determinations as to the existence of probable cause made by a district judge sitting as a juvenile court would necessarily be reviewed and possibly overturned by the district court to which jurisdiction is transferred. Appellate jurisdiction in criminal cases lies solely in the Court of Criminal Appeals. Texas Constitution, Article 5, Section 5. The Legislature did not intend that courts of equal dignity exercise over one another a power that is tantamount to judicial review.

Indeed, the result becomes even more illogical in those counties served by a single district court and in which that court exercises juvenile jurisdiction. In these areas, the judge presiding over juvenile matters and the criminal district judge are one and the same individual.[2] It is unreasonable to suppose that the Legislature intended a criminal district court to review, in an examining trial, the same evidence which he himself heard while sitting as juvenile judge prior to waiver and certification.

The Code Construction Act, V.A.T.S., Article 5429b–2, Section 3.01, provides in part:

"In enacting a statute it is presumed that

" * * *

"(2) the entire statute is intended to be effective;

"(3) a just and reasonable result is intended;

"(4) a result feasible of execution is intended."

See, *Lovell v. State*, 525 S.W.2d 511 (Tex. Cr.App.1975).

Here the results attendant upon a mandatory examining trial subsequent to waiver and certification and prior to the return of an indictment are neither reasonable nor feasible of execution. A requirement that three determinations be made as to probable cause (in the juvenile court, the district court, and the grand jury), that the same

1. In 146 Texas counties, the juvenile court is presided over by a district judge. 1976 Texas Judicial Council Report on Juvenile Probation.

2. To date, 172 counties are served by a single district court. In 146 of these counties, the district judge is also the juvenile judge. 1976 Texas Judicial Council Annual Report; 1976 Texas Judicial Council Report on Juvenile Probation.

testimony be perpetuated in both juvenile and district courts, and that the findings of one district judge be subject to review and reversal by another is, at best, highly illogical.

The provisions of Section 54.02(h) articulate the Legislature's intent that waiver and transfer of jurisdiction should form the dividing line between the application of the Family Code and the Code of Criminal Procedure to juvenile offenders. The statute clearly states that upon his transfer for criminal proceedings, the child is to be dealt with as an adult, subject to the provisions of the Code of Criminal Procedure. It has been held that a juvenile may waive legal rights where such waiver is knowing, voluntary, and attended by the safeguards required by Section 51.09 of the Family Code. *D.A.W. v. State*, 535 S.W.2d 21 (Tex.Civ. App. Houston [14th District] 1976); *Lovell v. State*, 525 S.W.2d 511 (Tex.Cr.App.1975); *In re S.E.B.*, 514 S.W.2d 948 (Tex.Civ.App. El Paso, 1974); *Moreno v. State*, 510 S.W.2d 116 (Tex.Civ.App. Tyler, 1974). We should conclude that the juvenile's right to an examining trial is not mandatory and is subject to waiver. More importantly, in determining that subsequent to certification a juvenile shall be dealt with as an adult under the Code of Criminal Procedure, the Legislature intended that he be subject to the provisions of Article 16.01 of that Code:

"The accused in any felony case shall have the right to an examining trial *before indictment in the county* having jurisdiction of the offense . . . ." (Emphasis supplied).

In decisions construing Article 16.01, it has been repeatedly held that the return of an indictment terminates a defendant's right to an examining trial. *McDonald v. State*, 513 S.W.2d 44 (Tex.Cr.App.1974); *Gaither v. State*, 479 S.W.2d 50 (Tex.Cr.App.1972); *McCullough v. State*, 461 S.W.2d 404 (Tex. Cr.App.1970); *Beshears v. State*, 461 S.W.2d 122 (Tex.Cr.App.1970). We should presume that the Legislature, in choosing the wording used in Section 54.02(h) of the Family Code, was aware of this Court's construction of Article 16.01 of the Code of Criminal Procedure. We should, therefore, conclude that when the Legislature determined that juveniles in the district court are to be treated as adults, subject to the Code of Criminal Procedure, it intended that their right to an examining trial would, like that of an adult, be terminated by the return of an indictment.

In ascertaining the intended meaning of Section 54.02(h), attention must be paid to the placement of language within the statute. It first provides that upon waiver and certification the juvenile shall be treated as an adult in accordance with the Code of Criminal Procedure. The language which follows that provision is a qualification thereof. The first qualification interposed by the Legislature is that the transfer of custody shall be equivalent to an arrest. This provision serves as a point of demarcation at which the Family Code ceases to operate and the Code of Criminal Procedure comes into play. The next sentence, "The examining trial shall be conducted by the court to which the case was transferred . . . .", is also a qualification upon the application of the Code of Criminal Procedure to juveniles. The Code is applicable to juveniles to the same extent as in adult proceedings with the exception that an examining trial, if any, shall not be conducted by a county court or magistrate but shall be held by the district court which assumes jurisdiction of the case. This provision does not guarantee that an examining trial shall be had; rather, it guarantees which court shall conduct the examining trial, if one is had at all. The juvenile is not thereby given the right to a compulsory examining trial but only given a procedural guarantee that it will be held, if at all, in a district court.

The reason for such qualifying language is clear. In enacting the Family Code it was the Legislature's intent that lawyer-judges preside over juvenile proceedings. V.T.C.A., Family Code, Section 51.04. Accordingly, the Legislature ensured that if an examining trial was in fact held it would not be conducted by a non-lawyer magistrate or non-lawyer county judge who did not possess the degree of legal training as

the juvenile district judge who had already issued the certification order. Moreover, such language was intended to prevent the overturning, by a county judge or magistrate, of determinations as to probable cause previously made by a district juvenile judge.

This Court wrote in *Newsom v. State*, 372 S.W.2d 681 (Tex.Cr.App.1963):

"[I]n construing a statute its subject matter, reason and effect must be looked to and when a literal enforcement would lead to consequences which the legislature could not have contemplated, the courts are bound to presume that such consequences were not intended and adopt a construction which will promote the purpose for which the legislation was passed."

With the foregoing in mind, we should conclude that by its enactment of Article 54.02(h) the Legislature did not intend that an indictment returned against a juvenile, after waiver and transfer from the juvenile court, should be void for failure of the district court to conduct an examining trial. Such an interpretation would defeat the purpose for which the legislation was passed. Rather, the Legislature intended that an examining trial, if any, shall be conducted by the district or criminal district court to which the case is transferred, which court may then remand the child to the jurisdiction of the juvenile court if such action is deemed necessary.

It is argued that juveniles who have been transferred to the district court for criminal proceedings have an "additional right" to an examining trial not possessed by adults, and that this right is valuable in that it furnishes a final opportunity to have criminal proceedings against the juvenile terminated and the jurisdiction of the juvenile court resumed. This contention is without merit. An examining trial in an adult criminal proceeding also furnishes an opportunity for such proceedings to be terminated for lack of probable cause. But this fact does not give an adult the right to a compulsory examining trial, nor does it make the right which he does have any less sub-ject to waiver. Likewise, the juvenile has no special "right" to an examining trial which he would not have if he were an adult. Following his transfer from juvenile to district court, his rights are those which are possessed by all criminal defendants and attain no special status. Once subject to the Code of Criminal Procedure, the juvenile cannot be continually wrapped in the protective cloak of the Family Code. The grand jury should not be effectively divested of jurisdiction to return an indictment after the Legislature has specifically provided that the accused is to be handled as an adult.

It is unreasonable for judges in a majority of the counties of the State to have to hold two separate hearings involving the same evidence.

The State's motion for rehearing should be granted and the judgment should be affirmed.