**Ex parte John HUNTER.**

**No. 59192.**

Court of Criminal Appeals of Texas, Panel No. 1.

Feb. 28, 1979.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

## OPINION

ONION, Presiding Judge.

This is a post-conviction application for writ of habeas corpus under the provisions of Article 11.07, V.A.C.C.P.

Petitioner alleges that he was convicted of aggravated robbery on February 4, 1976 and sentenced to five (5) years' imprisonment when he was less than seventeen years old and that prior to his indictment and after a discretionary transfer from juvenile court he had not been accorded an examining trial as required by the mandatory provisions of V.T.C.A., § 54.02(h), Family Code, and the trial court lacked jurisdiction to try him for aggravated robbery. *Ex parte Menefee,* 561 S.W.2d 822 (Tex.Cr.App. 1977).[1]

The State in its answers confesses reversible error was made and that the petitioner was not accorded an examining trial and did not waive the same and that the indictment is void.

In light of the record before us, appellant is entitled to the relief he seeks. *Ex parte Menefee,* supra; *Criss v. State,* 563 S.W.2d 942 (Tex.Cr.App.1978); *White v. State,* 576 S.W.2d 843 (Tex.Cr.App.1979); *Jones v. State,* 576 S.W.2d 853 (Tex.Cr.App.1979); *Ex parte Le Blanc,* —— S.W.2d —— (Tex. Cr.App.1979) (# 58,575, 2/7/79).

The indictment in Cause No. 14,104–A in the 16th Judicial District Court of Denton

---

The original opinion was styled *Ex parte Menefee.*

County is hereby dismissed, and the petitioner is ordered released to the custody of the sheriff of Denton County for remand to the 16th Judicial District Court for the purpose of according the petitioner an examining trial.

It is so ordered.

TOM G. DAVIS, J., dissents for the reasons set forth in the dissenting opinions in *White v. State*, supra, and *Ex parte Le Blanc*, supra.