**Mason STAGGS Appellant,**

v.

**STATE of Texas Appellee.**

**No. 11–89–146–CR.**

Court of Appeals of Texas, Eastland.

May 31, 1990.

Rehearing Denied June 28, 1990.

David W. Thedford, Abilene, for appellant.

James Eidson, Crim. Dist. Atty., Abilene, for appellee.

OPINION

DICKENSON, Justice.

Mason Staggs was a 16–year–old student at Cooper High School when he shot a teacher in the face after learning that he would receive a failing grade on his report card for the second six weeks grading period. He was certified for trial as an adult after a hearing in the juvenile court. After the trial court accepted his plea of guilty, the jury rejected his request for probation and assessed his punishment at 14 years confinement [1] for the second degree felony

1. TEX.PENAL CODE ANN. § 12.33 (Vernon    1974) provides that a person convicted of a

offense of attempted murder.[2] We affirm.

There is no challenge to the sufficiency of the evidence. Appellant had smoked marihuana before school started on the morning of November 22, 1988, and his world history class was the first class of the day. During the class the teacher told each student what his or her grade would be for the second six weeks grading period. Appellant learned that his grade had dropped from an 81 for the first six weeks to a 65 for the second six weeks. When the bell rang, appellant went to the front of the room as the other students left for their next class. Appellant pointed a .22 caliber Derringer pistol at the teacher's head. The teacher moved his head as the gun fired, and the bullet hit his mouth instead of his temple. The teacher received serious injuries, but he made a good recovery. Oral surgery was required to repair the damage to his face and tongue, and several teeth were replaced with permanent bridges.

Appellant's family and friends described him for the jury as a quiet, well-behaved young man who had been active in his church and helpful to his neighbors. However, the jury also heard evidence that the shooting was premeditated and that appellant was a disturbed young man who was involved in Devil Worship and the study of the Occult. Appellant had talked about shooting this particular teacher several times in the two-week period prior to the shooting, and there was evidence which indicated a lack of remorse for the shooting. Appellant had also told a friend shortly before trial that he should have used another bullet to kill the eyewitness who identified him.

■■■■ In a single point of error, appellant argues: "The trial court erred in failing to determine whether good cause existed for an examining trial." He argues that this irregularity makes the indictment void, citing TEX.FAM.CODE ANN. § 54.02 (Ver-

non 1986 & Supp.1990) and *Menefee v. State*, 561 S.W.2d 822 (Tex.Cr.App.1977).

In discussing an earlier version of Section 54.02, the Court of Criminal Appeals held in *Menefee v. State*, supra at 830, that an indictment returned prior to an examining trial was void. In response to that ruling, the Legislature amended Section 54.02 (See Acts 1987, 70th Leg., ch. 140, §§ 1 to 3, eff. September 1, 1987) to eliminate the mandatory requirement of an examining trial prior to indictment. The relevant portion of this statute now provides:

(h) If the juvenile court waives jurisdiction, it shall state specifically in the order its reasons for waiver and certify its action, including the written order and findings of the court, and shall transfer the child to the appropriate court for criminal proceedings. On transfer of the child for criminal proceedings, he shall be dealt with as an adult and in accordance with the Code of Criminal Procedure. The transfer of custody is an arrest. *The court to which the child is transferred shall determine if good cause exists for an examining trial. If there is no good cause for an examining trial, the court shall refer the case to the grand jury. If there is good cause for an examining trial, the court shall conduct an examining trial and may remand the child to the jurisdiction of the juvenile court.* (Emphasis added)

We hold that the amendment shown above changes the rule stated in *Menefee* and that the indictment is not void. It is obvious that the trial court found that there was "no good cause for an examining trial" by referring the case to the grand jury. The statute does not require a formal hearing or documentation of the trial court's determination of "no good cause for an examining trial." We also note that there was no request for an examining trial and no complaint in the trial court about

---

felony of the second degree shall be punished by confinement for a term of not less than 2 nor more than 20 years. An optional fine of not more than $10,000 could also have been imposed.

2. The crime is defined by TEX.PENAL CODE ANN. § 19.02 (Vernon 1989) (murder is a felony of the first degree) and § 15.01 (Vernon Supp. 1990) (criminal attempt is one category lower than the offense attempted).

the lack of a hearing or the absence of a docket entry or formal order concerning the trial court's determination that there was "no good cause for an examining trial;" consequently, appellant has not preserved this complaint for appellate review pursuant to TEX.R.APP.P. 52(a). Moreover, the absence of a docket entry or order as to this determination would be, at most, an "irregularity of form or substance in an indictment" which is waived under TEX.CODE CRIM.PRO. ANN. art. 1.14(b) (Vernon Supp.1990) because it was not urged in the trial court before the date on which the trial on the merits commenced.

The point of error is overruled, and the judgment of the trial court is affirmed.