Greg Spencer KNIGHTEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–88–118–CR.

Court of Appeals of Texas, Waco.

July 25, 1991.

Joe F. Grubbs, McCarty, Wilson, Mash & Grubbs, P.C., Ennis, for appellant.

Mary Lou Shipley, Dist. Atty., Waxahachie, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

Appellant, after certification as an adult and transfer to district court, was indicted for the offense of capital murder. *See* TEX.PENAL CODE ANN. § 19.03 (Vernon 1989). A jury found Appellant guilty and sentenced him to forty-five years in prison. We will affirm.

Appellant, by way of his first two points, argues that the trial court erred in refusing to conduct an examining trial or remanding the cause to the juvenile court. At the time of the commission of the offense Appellant was sixteen years old. Because of his age, jurisdiction originally existed with county court at law, sitting as a juvenile court. The county court, under the authority of the Texas Family Code, waived jurisdiction to the district court. *See* TEX.FAM.CODE ANN. § 54.02 (Vernon Supp.1991). The district court then referred this matter to the Ellis County Grand Jury without holding an examining trial. Section 54.02 of the Family Code states: "The court to which the child is transferred *shall* determine if good cause exists for an examining trial. If there is no good cause for an examining trial, the court shall refer the case to the grand jury." *Id.* § 54.02(h) (emphasis added). The standard of review we must use in determining if the court committed error is whether the court abused its discretion in refusing to conduct an examining trial. We determine that the court did not abuse its discretion because the court filed findings of fact and conclusions of law which stated that no good cause existed for an examining trial. The statute does not require a hearing or documentation on the trial court's decision on whether good cause exists. *See Staggs v. State,* 790

S.W.2d 854, 855 (Tex.App.—Eastland 1990, pet. ref'd). The act of referring the matter to the grand jury indicates the court made a finding that no good cause existed for holding an examining trial. *See id.* The court, by entering findings of fact and conclusions of law, did more than is required by *Staggs* to comply with section 54.02(h). We feel that the better practice is, as was done here, for the court to file findings of fact and conclusions of law.

■ Appellant also complains that the trial court actually made no findings, but adopted the position of the juvenile court. The court in its findings of fact and conclusions of law indicated the State presented the "Waiver of Juvenile Jurisdiction and Transfer to District Court" which was entered by the county court at law. This was not an adoption of the juvenile court's position, but a reference to its findings in making a decision on whether good cause existed for an examining trial. We find the trial court did not err and overrule points one and two.

■ In point three Appellant complains that the trial court erred in discharging two venirepersons selected to serve on the jury panel. The court's dismissal of the two veniremen occurred after the panel was notified who had been selected to serve on the jury, but before the jury was sworn. Both individuals had been selected to serve, but the judge dismissed them because one had been called to active duty in the United States Navy and the other had moved out of county. When the court informed counsel of the action it was taking, Appellant did not object to the dismissal of either venireman. Appellant did lodge an objection much later, after both Appellant and the prosecutor had passed on the first alternate juror. Appellant's objection was not made at the earliest opportunity and therefore, it was not timely, as required by Rule 52(a) of the Texas Rules of Appellate Procedure. *See* TEX. R.APP. P. 52(a); *Stevens v. State*, 671

S.W.2d 517, 521 (Tex.Crim.App.1984). Nothing is preserved for our review, and point three is overruled.

■ Appellant also complains that the trial court erred in excluding evidence regarding similar conduct of a co-defendant who testified. Rule 608(b) of the Texas Rules of Criminal Evidence prohibits the use of specific instances of conduct by a witness for the purpose of attacking or supporting his credibility, other than a final conviction of a crime. *See* TEX.R.CRIM. EVID. 608(b). The general rule requires that, "while the testimony of a witness may be contradicted with respect to all material matters, a witness may not be contradicted as to immaterial or collateral matters." *Haynes v. State*, 727 S.W.2d 294, 297 (Tex. App.—Houston [1st Dist.] 1987, pet. dism'd). The test of "whether a matter is collateral is whether the cross-examining party would be entitled to prove it is a part of his case tending to establish his plea." *Bates v. State*, 587 S.W.2d 121, 133 (Tex. Crim.App.1979). Here, the specific instance of conduct was not an adjudicated crime and did not tend to establish Appellant's plea; therefore, the point is overruled.

■ In Appellant's final point he complains that the trial court erred in denying his motion to summons out-of-state witnesses. The right to call witnesses in a criminal case is not absolute. *Weaver v. State*, 657 S.W.2d 148, 150 (Tex.Crim.App. 1983). Out-of-state witnesses must be shown to be material and necessary to the criminal proceeding in order to have them subpoenaed. *Id.* at 150–51. Here, Appellant failed to show the out-of-state witnesses were material and necessary to the criminal proceeding. The point is overruled and the judgment of the trial court is affirmed.