**Luan Van HOANG, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 05–90–01572–CR, 05–90–01573–CR and 05–90–01574–CR.**

Court of Appeals of Texas, Dallas.

May 9, 1991.

Discretionary Review Granted Sept. 25, 1991.

Bruce Anton, Dallas, for appellant.

Kathleen A. Walsh, Dallas, for appellee.

Before ENOCH, C.J., and LAGARDE and BURNETT, JJ.

## OPINION

ENOCH, Chief Justice.

The juvenile court certified appellant, Luan Van Hoang, as an adult, transferred his case to the criminal district courts, and ordered him confined. The State indicted Hoang on four counts of aggravated robbery. Hoang filed four pretrial writs of habeas corpus in a criminal district court,

three of which are the subject of this appeal. Hoang argued that the State had previously tried and convicted him for these offenses in 1986 and that double jeopardy barred the present proceedings. The criminal district court denied the writs. We affirm.

## PROCEDURAL POSTURE

In January and March 1986, Hoang committed four aggravated robberies. On July 23, 1986, Hoang was tried and convicted on one count of aggravated robbery (the first conviction) and sentenced to imprisonment for thirty-eight years. On July 25, 1986, Hoang pled guilty pursuant to a plea agreement to the other three counts of aggravated robbery. In 1990, Hoang obtained a writ of habeas corpus that vacated the first conviction on the grounds that he was a juvenile at the time of the offense in 1986 and had not been certified as an adult by a juvenile court. However, Hoang did not seek a writ of habeas corpus with respect to the three convictions at issue in this appeal. Thereafter, the State initiated proceedings in juvenile court to have Hoang certified as an adult. On June 22, 1990, the juvenile court certified Hoang as an adult and ordered all four cases transferred to the criminal district courts. Hoang has appealed the certification order to this Court (appellate cause number 05–90–01189–CV), which remains pending. After Hoang was certified as an adult, the State, on August 21, 1990, reindicted Hoang for all four aggravated robberies, including the three at issue in this appeal. Hoang, confined without bond pursuant to a June 27, 1990 order of the juvenile court, responded by filing four writs of habeas corpus in a criminal district court, which denied the writs. The denial involving the first conviction is the subject of a companion case, cause number 05–90–01571–CR. We address here the other three denials.

## DO THE PRIOR UNVACATED CONVICTIONS BAR REINDICTMENT?

In point one, Hoang argues that the State lacks the statutory authority to reliti-

gate an unvacated prior conviction. He asserts that before the State may reindict him, the State must first have the prior convictions vacated. Not only are the prior convictions not vacated, but Hoang asserts that the State has no procedural vehicle by which to vacate them. Hoang notes that the Texas Code of Criminal Procedure provides methods for a defendant to vacate a void judgment but does not provide any method by which the State may do so. Hoang further notes that the State cannot appeal the convictions under articles 44.01 and 44.02 of the Texas Code of Criminal Procedure.

■ Hoang has cited no authority for the proposition that the State must first vacate a void judgment before it may reindict a defendant. Just the contrary, when the State tries to convict a defendant twice for the same offense, the Texas Code of Criminal Procedure places the burden squarely on a defendant to file a special plea, thereby raising the double jeopardy issue. TEX.CODE CRIM.PROC.ANN. art. 27.05 (Vernon 1989). A defendant may also raise a double jeopardy claim by pretrial writ of habeas corpus. TEX.CODE CRIM.PROC.ANN. art. 11.07, § 1 (Vernon 1977). Accordingly, it appears that the State may perpetually reindict and seek to convict a defendant for the same offense until such time as the defendant attempts to check the State by raising the defense of double jeopardy.

■ Additionally, once the defendant raises the double jeopardy issue, he, not the State, shoulders the burden of *proving* former jeopardy. *Thomas v. State*, 751 S.W.2d 601, 603 (Tex.App.—Texarkana 1988, pet. ref'd). In the present case, after the State reindicted appellant, he raised the issue of double jeopardy based on the judgments from the prior convictions. This evidence, standing alone, may have prima facie established double jeopardy, because judgments are presumed valid. *See Breazeale v. State*, 683 S.W.2d 446, 450–51 (Tex.

Crim.App.1984) (op. on reh'g); *Ex parte Occhipenti*, 796 S.W.2d 805, 808–09 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding) (civil habeas corpus). However, based upon the evidence introduced, the trial court also entered findings of fact that Hoang has not attacked. The findings include that on July 25, 1986, Hoang was less than seventeen years old; he had not waived his right to a juvenile certification hearing; and he had not been certified as an adult. These facts rebut the presumption of validity. To carry his burden of proving double jeopardy, Hoang needed to go forward with proof that jeopardy attached at the prior convictions. *See Palm v. State*, 656 S.W.2d 429, 431 (Tex.Crim. App.1983) (orig. panel op.), *overruled on other grounds, Castleberry v. State*, 704 S.W.2d 21, 28 (Tex.Crim.App.1984); *Ward v. State*, 520 S.W.2d 395, 397–98 (Tex.Crim. App.1975). The findings of fact affirmatively reflect that the criminal district court in 1986 did not have jurisdiction. Because the criminal district court never had jurisdiction, jeopardy never attached. *Palm*, 656 S.W.2d at 431. Notably, the court further found that, with respect to the first conviction, Hoang had filed a post-trial writ of habeas corpus, the writ was granted on the basis that Hoang was under the age of seventeen at the time of the first conviction, Hoang had not been certified as an adult by a juvenile court, and the conviction was void because the convicting court did not have jurisdiction. By virtue of those findings, we conclude that Hoang is collaterally estopped from asserting that he was seventeen or older at the time of the offenses in these cases. *See Ashe v. Swenson*, 397 U.S. 436, 443–45, 90 S.Ct. 1189, 1194–95, 25 L.Ed.2d 469 (1970). The criminal district court's conclusion of law number one states that the three convictions are void. We agree. Hoang failed to carry his burden of proving double jeopardy.[1] Hoang's first point of error is overruled.

1. At oral argument, Hoang expressed concern that the three convictions at issue in this appeal may remain on his record, because they have never been vacated. To the extent Hoang is uncertain whether the convictions have been vacated, Hoang's remedy appears to be to file a writ of habeas corpus in those three cases in order to have them expressly vacated. In this proceeding, Hoang has not requested that we vacate the convictions. Just the contrary, he

## IS THE STATE BOUND BY ITS PLEA BARGAIN?

■ In point two, Hoang argues that relitigation of these offenses violates the plea bargain and thereby violates his due process rights under the United States and Texas Constitutions. Hoang asserts that he has been imprisoned since 1986 and is now on parole. Hoang complains that now that he has completed his side of the bargain, the State has rescinded its side and now seeks to prosecute and imprison him again for the same offenses. Because the trial court lacked jurisdiction, the entire proceedings, including the plea, are void. There is neither a plea bargain to enforce nor a plea to withdraw. *Cf. Ex parte Austin*, 746 S.W.2d 226, 229 (Tex.Crim. App.1988) (trial court lacked power to enforce plea bargain; defendant entitled to withdraw plea). We overrule Hoang's second point.

## DOES DOUBLE JEOPARDY APPLY?

■ In point three, Hoang contends that he is being tried twice for the same crime in violation of the principles of double jeopardy. We disagree. The double jeopardy clause prohibits a second prosecution for the same offense *after acquittal;* it prohibits a second prosecution *after conviction;* and it prohibits multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). However, we have already determined that the criminal district court did not have jurisdiction over Hoang in 1986 and, consequently, that the convictions were void, a nullity. Accordingly, although the State is attempting a second trial, it is not attempting a second trial after conviction. *See Palm*, 656 S.W.2d at 431. Hoang's argument has no merit.

■ Hoang further contends that he is facing multiple punishments, in violation of the double jeopardy clause. *See North Carolina v. Pearce*, 395 U.S. at 717, 89 S.Ct. at 2076. Assuming Hoang is convict-

ed, he is entitled to credit for time served under the void convictions. *North Carolina v. Pearce*, 395 U.S. at 718–19, 89 S.Ct. at 2077. Hoang also argues that he may receive a lengthier sentence. Hoang is correct; however, that does not bar reprosecution. *North Carolina v. Pearce*, 395 U.S. at 719–26, 89 S.Ct. at 2077–81. It appears that Hoang has simply played the game of "courts" and lost. *See Bannister v. State*, 552 S.W.2d 124, 125 (Tex.Crim. App.1977).

■ Hoang contends that he has waived the jurisdictional error pursuant to the Texas Court of Criminal Appeals' decision in *Studer v. State*, 799 S.W.2d 263 (Tex.Crim. App.1990), and, therefore, jeopardy attached. The issue in *Studer* concerned a defective information. The court held that, although the information was defective, it was sufficient to invest the trial court with jurisdiction where the defendant failed to object to the defect. That is to say, he waived the error. *Studer*, 799 S.W.2d at 273. Hoang next cites *Staggs v. State*, 790 S.W.2d 854 (Tex.App.—Eastland 1990, pet. ref'd), as an example of how *Studer* applies in the present case. In *Staggs*, after the juvenile court waived jurisdiction and certified the juvenile as an adult, the juvenile complained about an irregularity in the indictment, and the court held that the error was waived. *Staggs*, 790 S.W.2d at 856. From these facts, Hoang concludes that the absence of a certification hearing did not deprive the district court of jurisdiction in the absence of an objection. We disagree. *Studer* and *Staggs* are distinguishable. *Studer* and *Staggs* involved defective indictments and whether such an indictment nevertheless invested the trial court with jurisdiction. Hoang's case does not involve a defective indictment; rather, Hoang's case presents the issue of whether it was brought in a court having jurisdiction over Hoang, a juvenile. The juvenile courts have exclusive jurisdiction over juveniles. *In re D.M.*, 611 S.W.2d 880, 883 (Tex.Civ.App.—Amarillo 1980, no writ). A

maintains that they are valid. Accordingly, although we recognize that the convictions are void, we decline to determine any ramifications

therefrom apart from those pertinent to this appeal.

juvenile court never waived jurisdiction; hence, the district court never obtained jurisdiction over Hoang. *In re D.M.*, 611 S.W.2d at 883. Because the district court never obtained jurisdiction over Hoang, the issue of the sufficiency of the indictment is never reached. Hoang's third point of error is overruled.

The denials of relief under Hoang's pretrial writs of habeas corpus are affirmed.