

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00239-CR

KEVONTE DEVON COLLINS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 22F0978-005

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

A Bowie County jury convicted Kevonte Devon Collins of the capital murder of multiple persons and aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. §§ 19.03, 22.02 (Supp.). The trial court imposed a mandatory life sentence for the capital offense, and the jury assessed a sentence of twenty years' imprisonment for the aggravated assault. *See* TEX. PENAL CODE ANN. § 12.31(a)(1).

On appeal, Collins argues that, because he was a minor when the offenses were committed, the district court did not have jurisdiction to prosecute him. Collins also argues that the trial court erred by holding a portion of the trial in his absence. Because the juvenile court entered an order transferring its original exclusive jurisdiction to the district court, we find that the district court acquired jurisdiction over Collins. We also find that Collins voluntarily absented himself from a portion of the trial. As a result, we affirm the trial court's judgment.

## I. The District Court Acquired Jurisdiction from the Juvenile Court

In his first point of error, Collins challenges the district court's jurisdiction over him. Based on the record before us, we find that the district court's jurisdiction was established by the filing of an indictment combined with the juvenile court's transfer of its jurisdiction.

The appellate record establishes that Collins was born in January 2005, and the offenses alleged in this case were committed in December 2021, when Collins was sixteen. As a result, the matter rested within the "exclusive original jurisdiction" of the juvenile court. TEX. FAM. CODE ANN. § 51.04(a). After Collins turned seventeen, the State sought to try him as an adult.

2

On May 3, 2022, the State filed a petition in the juvenile court seeking a waiver of its jurisdiction and a transfer to criminal district court.[1]

On May 5, 2022, the State filed a grand jury indictment with the district court alleging that Collins committed capital murder of multiple persons and aggravated assault with a deadly weapon. Because the juvenile court had not yet transferred its jurisdiction, it scheduled a hearing on the State's petition on July 7, 2022, after which it entered an order "waiv[ing] exclusive original jurisdiction and transfer[ing] Kevonte Devon Collins to the appropriate Criminal District Court of Bowie County, Texas, for criminal proceedings." Once the district court received the juvenile court's order of transfer, Collins's counsel entered his appearance, and the district court entered a scheduling order.

We begin our analysis by noting that "[t]he presentment of a valid indictment vests the district court with jurisdiction of the cause." *Jenkins v. State*, 592 S.W.3d 894, 898 (Tex. Crim. App. 2018) (citing TEX. CONST. art. V, § 12(b)). "Even if an indictment has a substantive defect, it can still qualify as an indictment that vests a district court with jurisdiction." *Id.* (citing *Studer v. State*, 799 S.W.2d 263, 271 (Tex. Crim. App. 1990)). "To meet the definition of indictment under [A]rticle V, section 12(b) of the Texas Constitution and to vest the court with both personal and subject matter jurisdiction, the indictment must (1) charge a person, and it must (2) charge the commission of an offense." *Id.* (citing TEX. CONST. art. V, § 12(b)).

Collins does not argue that the indictment failed to charge a person or the commission of an offense.[2] Instead, he argues that the indictment was void based on *Menefee v. State* and its

---

[1]The juvenile court had not yet adjudicated Collins guilty of delinquent conduct, and because it wanted to try Collins as an adult, the State did not seek a determinate sentence. *See* TEX. FAM. CODE ANN. §§ 53.04, 53.045.

3

progeny. *See Menefee v. State*, 561 S.W.2d 822 (Tex. Crim. App. 1977). *Menefee* "discuss[ed] an earlier version of Section 54.02" of the Texas Family Code, which had a "mandatory requirement of an examining trial prior to indictment." *Staggs v. State*, 790 S.W.2d 854, 855 (Tex. App.—Eastland 1990, pet. ref'd). As a result, the "Court of Criminal Appeals held in *Menefee v. State* . . . that an indictment returned prior to an examining trial was void." *Id.* (citing *Menefee*, 561 S.W.2d at 830). "In response to that ruling, the Legislature amended Section 54.02 (*See* Acts 1987, 70th Leg., ch. 140, §§ 1 to 3, eff. September 1, 1987) to eliminate the mandatory requirement of an examining trial prior to indictment." *Id.*

Now, the relevant portion of Section 54.02 reads,

(a)　　The juvenile court may waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal district court for criminal proceedings if:

　　(1)　　the child is alleged to have violated a penal law of the grade of felony;

　　(2)　　the child was:

　　　　(A)　　14 years of age or older at the time he is alleged to have committed the offense, if the offense is a capital felony, an aggravated controlled substance felony, or a felony of the first degree, and no adjudication hearing has been conducted concerning that offense; . . . [and]

　　　　. . . .

　　(3)　　after a full investigation and a hearing, the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged and that because of the seriousness of

---

[2]Accordingly, Collins's challenge is not a complaint about any defect, error, or irregularity of substance or form to the indictment, which is waived if not timely raised with the trial court. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14; *Biggers v. State*, 634 S.W.3d 244, 250 (Tex. App.—Texarkana 2021, pet. ref'd).

> the offense alleged or the background of the child the welfare of the community requires criminal proceedings.

TEX. FAM. CODE ANN. § 54.02(a). Here, it is undisputed that the juvenile court entered an order waiving its jurisdiction and transferring the matter to the district court under Section 54.02, and Collins states that he is not challenging the juvenile court's order transferring its jurisdiction. *See* TEX. FAM. CODE ANN. § 54.02(a), (j).

We find that the indictment, combined with the juvenile court's transfer of jurisdiction, was sufficient to confer jurisdiction on the district court. *See Ex parte Juarez*, No. 08-23-00159-CR, 2024 WL 1723155, at *2 (Tex. App.—El Paso Apr. 22, 2024, pet. ref'd) (mem. op., not designated for publication) (citing *In re S.L.L.*, 906 S.W.2d 190, 192 (Tex. App.—Austin 1995, no pet.)). Because *Menefee* and its progeny have been superseded by legislative amendment to Section 54.02, we apply the rule of *Jenkins* and look to whether the indictment charged a person and charged the commission of an offense. *Jenkins*, 592 S.W.3d at 898. As noted above, the indictment satisfies that test.

Moreover, as applicable here, Section 8.07(a) of the Texas Penal Code states that "[a] person may not be prosecuted for or convicted of any offense that the person committed when younger than 15 years of age except" for "a violation of a penal statute that is . . . a felony of the first degree for which the person is transferred to the court under Section 54.02, Family Code, for prosecution if the person committed the offense when 14 years of age or older" or for "a capital felony or an offense under Section 19.02 for which the person is transferred to the court under Section 54.02(j)(2)(A), Family Code." TEX. PENAL CODE ANN. § 8.07(a)(6)–(7). Because

5

Collins was sixteen when the offenses constituting a capital felony and a first-degree felony were committed, and the juvenile court transferred its jurisdiction pursuant to Sections 54.02 and 54.02(j)(2)(A), Collins was subject to prosecution under Section 8.07 of the Texas Penal Code.[3] *See* TEX. PENAL CODE ANN. § 8.07.

We conclude that the district court had jurisdiction over the felonies alleged by the indictment and over Collins. As a result, we overrule his first point of error.

## II. Collins Voluntarily Absented Himself from A Portion of the Trial

Collins argues that the trial court erred by excluding him from a portion of his trial. The State argues that Collins voluntarily absented himself. Both parties cite to Article 33.03 of the Texas Code of Criminal Procedure, which reads,

> In all prosecutions for felonies, the defendant must be personally present at the trial . . . provided, however, that in all cases, when the defendant voluntarily absents himself after pleading to the indictment or information, or after the jury has been selected when trial is before a jury, the trial may proceed to its conclusion.

TEX. CODE CRIM. PROC. ANN. art. 33.03. Here, Collins admits that he was present for the first two days of trial but argues that he was removed before the State's last witness. To resolve

---

[3]Also, as discussed by *Ex parte Waggoner*,

> [T]he Legislature adopted Texas Code of Criminal Procedure art. 4.18(a). The statute provides (as amended in 1999): "A claim that a district court or criminal district court does not have jurisdiction over a person because jurisdiction is exclusively in the juvenile court and that the juvenile court could not waive jurisdiction under Section 8.07(a), Penal Code, or did not waive jurisdiction under Section 8.07(b), Penal Code, must be made by written motion in bar of prosecution filed with the court in which the criminal charges against the person are filed."

*Ex parte Waggoner*, 61 S.W.3d 429, 431 n.2 (Tex. Crim. App. 2001) (orig. proceeding).

6

whether Collins was excluded by the trial court or whether he voluntarily absented himself, we review the reporter's record.

After a lunch break, and before the State's last witness, the trial court had the following discussion with Collins and his counsel outside of the jury's presence:

> THE COURT: All right. Mr. Collins, throughout the trial, I've been asking if you are in the courtroom, and you've told me yes every time. It's my understanding at this point that you have requested not to be in the courtroom during the remainder of the proceeding. Is that your understanding?
>
> MR. COLLINS: Yes, sir?
>
> THE COURT: All right. Mr. Potter, you've had an opportunity to have a discussion with your client?
>
> [BY COUNSEL FOR COLLINS]: Judge, yes, sir. My client advised me as the jury was going out that he didn't want to be in here anymore. . . . . I believe he told transport, and we . . . advised the Court of the same. My investigator and I had an opportunity before lunch to visit with Mr. Collins, advised him to think on it and we would visit with him when we came back and see if he had changed his mind. We came back a short time later. Again, counseled him, and he advised us that he wanted to not be in the courtroom for the remainder of this portion of the trial.
>
> THE COURT: Okay. Mr. Collins, you having requested to voluntarily excuse yourself from the remainder of this proceeding, at least up until -- if we do a sentencing. . . . . The Court will grant your request and will permit you to not be here if you don't want to be.
>
> MR. COLLINS: Yes, sir.
>
> THE COURT: All right. If you'll step back with the sheriff's department. And if you for some reason change your mind down the road, if you'll tell somebody at transport -- one of the deputies, we'll get you back up here if we hadn't proceeded through the end. Okay.

7

MR. COLLINS:  Love y'all, mom.

GALLERY MEMBERS (In Unison):  Love you.

(Defendant escorted from the courtroom at 1:40 p.m.).

After the State questioned its last witness in Collins's absence, Collins returned to the trial for the presentation of his defense.

We find that the record clearly shows that Collins decided to voluntarily absent himself. As a result, we find Collins's point of error wherein he argues that he did not voluntarily absent himself meritless.  Even so, Collins argues that he could not voluntarily absent himself because he was on bond.  *See Lee v. State*, 161 S.W.2d 290, 293 (Tex. 1942).  Yet, to grant Collins's appellate request by finding any error here would require us to ignore "[t]he law of invited error[, which] provides that a party cannot take advantage of an error that it invited or caused, even if such error is fundamental."  *Sharper v. State*, 485 S.W.3d 612, 618 (Tex. App.—Texarkana 2016, pet. ref'd) (quoting *Woodall v. State*, 336 S.W.3d 634, 644 (Tex. Crim. App. 2011) (plurality op.)).  We will not ignore the invited error doctrine.  Applying it, we find Collins is "estopped from seeking appellate relief based on" the record showing that he induced the trial court to remove him.  *Id.* (quoting *Woodall*, 336 S.W.3d at 644); *see Garcia v. State*, 919 S.W.2d 370, 394 (Tex. Crim. App. 1994) (plurality op.) (per curiam) (op. on reh'g) (applying the invited error doctrine to find that the defendant waived his complaint under Article 33.03); *see also Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999); *Lamon State*, 463 S.W.3d 655, 658 (Tex. App.—Texarkana 2015, no pet.).

8

Because we find that Collins voluntarily absented himself for a portion of the trial, we overrule his last point of error.[4]

## III. Disposition

We affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted: September 25, 2024
Date Decided: December 18, 2024

Do Not Publish

---

[4]Further, to the extent that Collins attempts to raise a statutory violation of Article 33.03 or any constitutional claims regarding the right to confront witnesses, we find that Collins failed to preserve either of these issues by not timely raising them with the trial court. *See* TEX. R. APP. P. 33.1(a); *Davis v. State*, 313 S.W.3d 317, 347 (Tex. Crim. App. 2010) ("Confrontation Clause claims are subject to this preservation requirement."); *Routier v. State*, 112 S.W.3d 554, 575 (Tex. Crim. App. 2003) (claims of violations of rights under Article 33.03 are subject to preservation requirements).