**MODIFY and AFFIRM; and Opinion Filed October 5, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01326-CR
### No. 05-15-01327-CR

**JERRY STRANGE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause Nos. F15-54804-J & F15-71177-J**

## MEMORANDUM OPINION
Before Chief Justice Wright, Justice Fillmore, and Justice Brown
Opinion by Justice Fillmore

Without a plea agreement as to punishment, Jerry Strange pleaded guilty to attempted theft of property with a value less than $200,000 and theft of property with a value of less than $200,000, both offenses involving an automated teller machine (ATM).[1] He also pleaded true to the enhancement paragraph in each indictment. The trial court found Strange guilty of both offenses and that the enhancement paragraphs were true and assessed punishment of twenty years' imprisonment on each offense and a fine of $1000 on the theft case. In his first point of error, Strange argues his guilty pleas were involuntary because he did not understand the nature of the charges or the range of punishment applicable to each offense. In three remaining points

---

[1] *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3636–38, amended by Act of May 9, 2011, 82d Leg., R.S., ch. 120, § 1, 2011 Tex. Gen. Laws 608, 609, amended by Act of May 31, 2015, 84th Leg., R.S., ch. 1251, § 10, 2015 Tex. Gen. Laws 4209, 4214 (codified at TEX. PENAL CODE ANN. § 31.03(a), (e)(6)(B)) .

of error, Strange requests we modify the judgment in the attempted theft case to accurately reflect the trial court proceedings. We modify the trial court's judgments in both cases and, as modified, affirm the judgments.

## Background

Strange was charged with theft of property with a value of less than $200,000 involving an ATM, a second degree felony, *see* Act of May 9, 2011, 82d Leg., R.S., ch 120, § 1, 2011 Tex. Gen. Laws 608, 609 (codified at TEX. PENAL CODE ANN. § 31.03(a), (e)(6)(B)), and with attempted theft of property with a value of less than $200,000 involving an ATM, a third degree felony. *See id.*; TEX. PENAL CODE ANN. § 15.01(d) (West 2011).[2] The indictment for each offense also contained two enhancement paragraphs based on Strange's prior felony convictions for tampering with a governmental record and burglary of a habitation that, if proved, increased the possible punishment range for each offense to imprisonment for life, or for any term between twenty-five and ninety-nine years. *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2015).

At the admonishment hearing on September 23, 2015, the trial court informed Strange that he was charged with two offenses and then stated, incorrectly, that "both [were] theft of property less than 200 ATM" and were second degree felonies. The trial court correctly admonished Strange that if the State proved the alleged enhancement paragraphs in each case, "the range of punishment becomes 25 to 99 years or life." Strange indicated he understood the range of punishment.

The trial court admonished Strange that his options were to plead guilty or not guilty to the charges and, if he chose to plead guilty, Strange could accept the State's recommendation as to punishment. The prosecutor stated he was recommending twenty-five years' imprisonment.

---

[2] Effective September 1, 2015, the Legislature amended the penal code to increase the value of property constituting an element of second degree felony theft involving an ATM from less than $200,000 to less than $300,000. *See* Act of May 31, 2015, 84th Leg., R.S., ch. 1251, § 21, 2015 Tex. Gen. Laws 4208, 4217.

Strange indicated he understood the State was offering the minimum punishment available if the State proved he committed the offenses and the allegations contained in the enhancement paragraphs.

The trial court explained to Strange that he was not required to accept the State's recommendation and could enter an open plea of guilty and request that the court assess punishment. The trial court informed Strange that, under this option, it could consider the "full range of punishment, that being 25 to life," but could also place him on probation, if appropriate. The trial court admonished Strange that his third option was to plead guilty and request that a jury assess punishment. However, the jury could not give Strange probation and would be required to assess punishment "between 25 and life." The trial court informed Strange that his final option was to plead not guilty and proceed to trial.

Strange indicated he understood these options and stated he "was trying to see" if he could get probation because his mother was ill. The trial court asked if Strange wanted to "go open to me and see if you can get probation," and Strange responded affirmatively. The trial court clarified that Strange was "taking a chance" because, after hearing the evidence, the trial court could decide to place him on probation or assess punishment of up to life imprisonment. Strange indicated he understood and wanted to pursue that option. The trial court recessed the hearing to allow Strange to speak with his attorney.

On September 30, 2015, the State filed a motion in each case to strike the second enhancement paragraph. The trial court held a plea hearing that same day. The trial court stated that Strange was there on two charges, and the first charge was "Theft of Property less than 200,000 ATM," and it understood there was an agreement that Strange would plead guilty to attempted theft in that case. The trial court then admonished Strange that the offense would normally be a state jail felony but, because of the enhancement paragraph, it was a third degree

–3–

felony. At this point, the prosecutor clarified for the trial court that the offense had been indicted as attempted theft, not theft. The trial court noted "the problem is with the form; it says F2 at the top." The prosecutor stated the language of the indictment was for an attempt, and it was a "felony 3 with a paragraph." The trial court then explained to Strange that attempted theft of an ATM machine was a third degree felony, but "the paragraph makes it a second-degree felony." Strange indicated he understood.

The trial court stated it was confused and asked the prosecutor whether the offense as pleaded was a third degree or second degree felony. The prosecutor responded it was a third degree felony with one enhancement paragraph. The trial court said, "So it's a second-degree." The prosecutor responded, "That's correct." The trial court said, "That's where the confusion comes in" and again asked if the offense of attempted theft of an ATM was a second degree felony. Strange's counsel said, "Third-degree." The trial court responded, "And then with the paragraph, it becomes a second-degree." The trial court asked Strange if he understood, and he responded, "Yes, ma'am."

The trial court then turned to the second case, the "theft of an ATM," and stated "it's a first-degree with a paragraph." Both the prosecutor and defense counsel responded that the offense was a second degree felony with an enhancement paragraph. The trial court responded, "Which makes it a first." The prosecutor stated, "[I]n total, he will be pleading guilty in a punishment range of one first-degree and one second-degree." The trial court responded, "See, that's where the confusion is, because you-all have a second-degree and a third-degree when it's really a first-degree and a second-degree that he's pleading to."

The trial court admonished Strange:

So on the F15-54804, you're pleading guilty to a second-degree felony with a paragraph. The paragraph makes it a second-degree felony.

–4–

> The range of punishment is two to ten years in the penitentiary and a fine of up to $10,000.
>
> Do you understand that?

Strange responded that he understood. The trial court continued:

> And then in the other case, F15-71177, you're pleading guilty to a first-degree felony. It's a first-degree felony because of the paragraph. Normally, it would have been a second-degree, but because of the paragraph, it becomes a first-degree.
>
> You understand that?

Strange responded that he did, and indicated he understood the range of punishment for that offense was "five to 99 years or life and a fine of up to $10,000." The trial court confirmed that Strange also understood the court could "assess your punishment anywhere within the range of punishment, that being two to 20 years on one case and five to 99 years or life on the other case" or place him on probation on one or both of the cases.

Strange asked whether there were two different charges because he thought he was told "they gonna run it concurrent." He confirmed to his counsel that he knew there were two charges but stated, "Both of my indictments say F2s though. I didn't know nothing about the one." His counsel responded that they had "gone over this three times." The prosecutor then clarified the State was moving to strike only one of the enhancement paragraphs and that "the basis of the agreement of the open plea was not to go open on 25 to life but to go open on the five to 99." The trial court responded, "Okay. I understand. I see why he's confused. Because if y'all can confuse me, surely you can confuse him." Strange responded, "That's why I was confused. I thought they were both felony 2s." The trial court again admonished Strange:

> This is where we are. Now, whether you want to take a plea or not, that's up to you. I'm not telling you to do that or not, but I want to make sure you understand what you're charged with. You have two separate charges. Both of them on their face say Theft of Property 200, but it's my understanding that the first case, F15-54804, is actually an Attempted Theft of a ATM. You understand that?

–5–

Strange responded that he did. The trial court then confirmed Strange understood that theft of an ATM would normally be a second degree felony, but clarified:

> [B]ecause it's an attempted, it becomes a third-degree. Okay? Because if you don't fulfill – if you don't finish it off, it becomes a second-degree – I mean, it becomes a third-degree.
>
> So it's a third-degree with one paragraph, because they're striking one paragraph and they're leaving one of the paragraphs on.

Strange responded, "Yes, ma'am." The trial court continued, "So that third-degree becomes a second-degree. That's one case. You understand that?" Strange responded that he understood. He also confirmed he understood the range of punishment for the offense was "two to 20 years in the penitentiary and fine of up to $10,000."[3]

As to the second case, the trial court admonished Strange, "[Y]ou are charged with Theft of Property Less Than 200 ATM. That offense, the fulfilled theft of property, would be a second-degree felony. You understand that?" Strange responded affirmatively The trial court continued:

> So the second-degree felony that you're charged with, which is the Theft of Property ATM Machine, second-degree felony, is enhanced by one paragraph. So that makes it a first-degree felony, which is five to 99 years or life.
>
> You understand?

Strange responded, "Yes, ma'am, I understand."[4] The trial court again clarified that Strange was charged with two offenses and, because of the enhancement paragraphs, one of the offenses was a first degree felony and one was a second degree felony. Strange confirmed he understood the charges and the range of punishment for each charge.

---

[3] A third degree felony enhanced by one prior felony conviction, other than a state jail felony punishable under section 12.35(a) of the penal code, is punished as a second degree felony. *See* TEX. PENAL CODE ANN. § 12.42(a). The punishment for a second degree felony is imprisonment for any term not more than twenty years or less than two years with an optional fine not to exceed $10,000. *Id.* § 12.33 (West 2011).

[4] A second degree felony enhanced by one prior felony conviction, other than a state jail felony punishable under section 12.35(a) of the penal code, is punished as a first degree felony. *See id.* § 12.42(b). The punishment for a first degree felony is imprisonment for life, or for any term of not more than ninety-nine years or less than five years, with an optional fine not to exceed $10,000. *Id.* § 12.32 (West 2011)

Strange asked whether probation would be for both charges or just one charge. The trial court responded it was "not saying you gonna get probation," and whether Strange was placed on probation on one, or both, cases was its decision. The trial court stated:

> I could decide to place you on probation for one case only and give you a penitentiary sentence on the other case. I could decide to place you on probation on both cases, or I could decide to place you on probation on none of the cases and give you life on one and 20 on the other.

Strange responded, "I understand what you're saying." The proceedings were then recessed to allow Strange to speak with his attorney.

After the recess, Strange stated he wanted to proceed with the open pleas. Strange was placed under oath and affirmed in response to his counsel's questions that he rejected the State's first offer of twenty-five years' imprisonment, and the State's second offer of fifteen years' imprisonment, and the State's third offer of twelve years' imprisonment on each case. He affirmed that he knew he was facing a potential punishment of five to ninety-nine years' imprisonment on one charge and two to twenty years' imprisonment on the second charge, but wanted to proceed with the open pleas.

Strange pleaded guilty to both charges and true to the enhancement paragraph in each case. He indicated it was his desire to enter the pleas and he was doing so freely and voluntarily. Strange's judicial confession and plea agreement in each case were admitted into evidence. Each plea agreement contained written admonitions by the trial court, including that Strange had a right to a jury trial and to confront and cross-examine the witnesses against him and could not be compelled to testify. Each plea agreement admonished Strange that the offense was a second degree felony with a range of punishment of two to twenty years' imprisonment with an optional fine not to exceed $10,000. The trial court accepted Strange's pleas of guilty to the charges and pleas of true to the enhancement paragraphs and found there was sufficient evidence to

–7–

substantiate a finding of guilt. However, it deferred a finding of guilt pending the preparation of a pre-sentence investigation report.

At the sentencing hearing, the trial court stated that there were "two separate theft of properties, ATMs," which would normally be second degree felonies but, with an enhancement paragraph, became first degree felonies. The prosecutor clarified that, because one of the offenses was an attempted theft, that case was a "second-degree punishment," while the other was a "first-degree range." The trial court stated, "I think I had written that down. So one of the offenses – one of the offenses is actually a second-degree felony, range of punishment two to 20; and the other offense is a first-degree felony, range of punishment five to 99 years or life." Strange indicated that he understood. After hearing evidence about the offenses and considering Strange's criminal history, the trial court accepted his pleas and assessed punishment of twenty years' imprisonment on each offense and a fine of $1000 in the theft case.

**Due Process**

In his first point of error, Strange asserts his guilty pleas were involuntary because he did not understand the nature of the charges against him. Strange specifically argues his right to due process was violated by the trial court's repeated and incorrect explanations about the type of charge, degree of charge, and range of punishment in each case. Strange contends that, if the trial court did not understand the charges, he "could not possibly have understood the charges against him despite his statements to the contrary."

*Applicable Law*

A guilty plea constitutes a waiver by the defendant of his Sixth Amendment rights to a jury trial and to confront his accusers, as well as his Fifth Amendment privilege against compulsory self-incrimination. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969); *Ex parte Palmberg*, 491 S.W.3d 804, 807 (Tex. Crim. App. 2016). Due process requires that the waiver

of these rights "be undertaken voluntarily, with sufficient awareness of the consequences." *Palmberg*, 491 S.W.3d at 807; *see also Brady v. United States*, 397 U.S. 742, 748 (1970). In order for a guilty plea to be voluntary, the defendant must not only have a sufficient awareness of the relevant circumstances, but must possess an understanding of the law in relation to the facts. *Palmberg*, 491 S.W.3d at 807; *see also Brady*, 397 U.S. at 748. In evaluating whether a defendant's "awareness" was "sufficient" at the time of his plea, we look to whether the plea was "a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Palmberg*, 491 S.W.3d at 807 (citing *State v. Guerrero*, 400 S.W.3d 576, 588 (Tex. Crim. App. 2013)). "The crucial issue is whether, under all the facts and circumstances, the plea was truly voluntary." *Ex parte Barnaby*, 475 S.W.3d 316, 323 (Tex. Crim. App. 2015) (per curiam) (quoting *Gaither v. State*, 479 S.W.2d 50, 51 (Tex. Crim. App. 1972)).

A misrepresentation by the trial court can cause a plea to be involuntary. *Id.* at 322 (citing *Ex parte Williams*, 704 S.W.2d 773 (Tex. Crim. App. 1986) (guilty plea involuntary where trial court voluntarily gave incorrect admonishment about availability of probation, causing defendant to be unaware of consequences of plea, and defendant made objective showing he was misled or harmed by incorrect admonishment)). "A criminal defendant who is induced to plead guilty in a state court in total ignorance of the precise nature of the charge and the range of punishment it carries has suffered a violation of procedural due process." *Davison v. State*, 405 S.W.3d 682, 686 (Tex. Crim. App. 2013). Rather, for the plea to be voluntary, "the defendant must have an actual awareness of the nature and gravity of the charges against him and of the constitutional rights and privileges that he necessarily relinquishes—in short 'a full understanding of what the plea connotes and of its consequences.'" *Id.* at 686–87 (quoting *Boykin*, 395 US. at 244).

The voluntariness of a guilty plea may be inferred from the relevant circumstances surrounding it. *Barnaby*, 475 S.W.3d at 323; *see also Brady*, 397 U.S. at 749. In evaluating whether a plea was voluntary, we consider the entire record. *Barnaby*, 475 S.W.3d at 323. If the record contains no evidence that the defendant knew of the rights he was putatively waiving, the conviction must be reversed. *Davison*, 405 S.W.3d at 687. However, due process is satisfied if the record affirmatively discloses the defendant's guilty plea was adequately informed. *Id.* Unless the record affirmatively discloses a defendant entered his guilty plea understandingly and voluntarily, we must presume that he did not. *Id.* at 690; *see also Brady*, 397 U.S. at 747 n.4; *Boykin*, 395 U.S. at 244.

*Analysis*

Strange argues that his pleas were involuntary because, due to the trial court's "repeated incorrect explanations concerning the type of charge, the degree of charge, and the range of punishment," he did not understand the charges against him or the punishment range associated with each charge. We conclude Strange's complaint has no merit.

In *Davison*, prior to accepting the defendant's guilty plea, the trial court orally and in a written "Guilty Plea Memorandum" informed the defendant that the punishment range for a state jail felony was not less than 180 days and no more than two years in a state jail facility, with an optional fine not to exceed $10,000. *Davison*, 405 S.W.3d at 685. The defendant, however, also pleaded true to three felony enhancement paragraphs, subjecting him to punishment for a second degree felony. *Id.* Although the trial court never formally admonished the defendant that, as enhanced, the charges exposed him to a range of punishment of two to twenty years in the penitentiary, during the punishment hearing the community supervision officer who prepared the pre-sentence investigation report testified that, taking into account the enhancement paragraphs, the defendant was subject to punishment for a second degree felony and the trial court remarked

–10–

during the proceedings that the enhancement provision made the case "punishable by two to twenty." *Id.* The trial court assessed punishment of twenty years' imprisonment, and the defendant appealed complaining, as relevant here, that his plea was involuntary because the trial court failed to admonish him on the correct range of punishment. *Id.*

The court of criminal appeals noted that in *Boykin*, the United States Supreme Court contributed to due process jurisprudence by requiring that the record affirmatively disclose the defendant entered his guilty plea "understandingly and voluntarily." *Id.* at 687 (citing *Brady*, 397 U.S. at 747 n.4). However, *Boykin* "did not specifically set out what must be 'spread on the record' to comply with [its] mandate." *Id.* (quoting *Gardner v. State*, 164 S.W.3d 393, 399 (Tex. Crim. App. 2005)). Rather, due process is satisfied so long as the record otherwise affirmatively discloses that the defendant's guilty plea was adequately informed. *Id.* For the defendant to prevail on his claim that his right to due process was violated, "it is not enough that the record is unrevealing with respect to whether he was admonished by the trial court; the record must also be silent with respect to whether he was *otherwise* provided, or nevertheless aware of, the requisite information to render his guilty plea voluntary and intelligent." *Id.*

The court of criminal appeals noted that in the "Guilty Plea Memorandum" the defendant "was admonished with respect to each of the particular constitutional rights mentioned in *Boykin* that a defendant pleading guilty necessarily waives—trial by jury, confrontation, and the privilege against self-incrimination." *Id.* at 692. Therefore, the record was not completely silent with respect to whether the defendant understood the consequences of his plea. *Id.* The court of criminal appeals then noted it had "found no Supreme Court case . . . holding that a trial court's failure to admonish a guilty-pleading defendant on the range of punishment renders the guilty plea invalid." *Davison*, 405 S.W.3d at 692 (quoting *Aguirre-Mata v. State*, 125 S.W.3d 473, 475 n.7 (Tex. Crim. App. 2003)). It concluded that, even if a silent record with respect to the

–11–

defendant's awareness of the range of punishment is sufficient to raise the presumption that his guilty plea was not entered "understandingly and voluntarily," the record in the case was not totally silent on the issue. Rather, the record reflected the defendant received notice of the enhancement paragraphs in the indictment, acknowledged in the "Guilty Plea Memorandum" that he had read them and they were true and correct, and failed to protest or exhibit surprise when a significantly greater grade of offense and range of punishment were mentioned during the punishment hearing or when the sentence of twenty years' imprisonment was actually assessed. *Id.* at 689, 692. Accordingly, the record failed to establish a violation of due process. *Id.* at 692.

Here, as did the defendant in *Davison*, Strange signed written plea agreements in which he was admonished that he had a right to a jury trial and to confront and cross-examine the witnesses against him and that, although he had a right to testify, he could not be compelled to do so and agreed to waive those rights. *See id.* at 692. Therefore, the record is not completely silent as to whether Strange understood the consequences of his plea. *See id.*

The record is also not completely silent as to whether Strange was correctly and adequately informed about the applicable ranges of punishment. *See id.* The trial court was initially confused as to the nature of the charges based on a "form" that incorrectly identified both offenses as second degree felonies. Due to this confusion, the trial court orally and in a written plea agreement gave incorrect admonishments to Strange regarding the applicable ranges of punishment. However, Strange was informed of the alleged enhancement orally by the trial court, in the indictment, and in the written plea agreements, and the trial court ultimately correctly admonished him as to the nature and level of each offense, that the State was seeking to enhance each offense, and the correct punishment range for each enhanced offense. Strange indicated he understood the admonitions.

–12–

After the trial court correctly admonished Strange as to the nature of the charges and the applicable punishment ranges, Strange was allowed to discuss proceeding with the pleas with his attorney. Following this discussion, Strange testified he understood the range of punishment he was facing on each charge and the State's punishment offer, and wished to proceed with the pleas. Strange repeatedly stated he wanted to enter open pleas so that he could request probation from the trial court. *See Gardner*, 164 S.W.3d at 399 ("The voluntary nature of appellant's guilty plea is further shown in the record by the overwhelming evidence that appellant's guilty plea was part of a strategy (which we may also infer was done in consultation with competent counsel) to persuade the jury to grant appellant probation."). Finally, Strange did not object when the sentences were imposed, indicting he must have been aware of his susceptibility to that punishment. *See Davison*, 405 S.W.3d at 692.

From the record as a whole, it may be inferred that, although Strange entered an open plea, he did not plead in ignorance of the applicable range of punishments and was adequately informed of both the nature of the charges against him and the applicable ranges of punishment. Because the record does not support a complaint that Strange's pleas were involuntary, we resolve his first point of error against him.

**Modification of Judgments**

In his second through fourth points of error, Strange requests we modify the judgment in the attempted theft case to reflect the correct offense, the correct degree of offense, and to delete the fine. The State agrees the judgment in the attempted theft case should be modified in these three respects.

The trial court's judgment in the attempted theft case erroneously reflects that Strange was convicted of "Theft Property <$200K ATM," a second degree felony, and that the assessed

punishment includes a $1000 fine. It also erroneously reflects, as does the judgment in the theft case, that there was not a plea to, or a finding by the trial court as to, the enhancement paragraph.

When the record contains the necessary information to do so, we have the authority to modify incorrect judgments. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd) ("The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court."). We resolve Strange's second through fourth points of error in his favor and modify the judgment in the attempted theft case (No. F15-54804-J) to reflect that Strange was convicted of attempted theft, a third degree felony, and to delete the $1000 fine. On our own motion, we modify the judgment in each case to reflect that Strange pleaded true to the enhancement paragraph and the trial court found the enhancement paragraph to be true.

## Conclusion

As modified, we affirm the trial court's judgments.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

151326F.U05

–14–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JERRY STRANGE, Appellant

No. 05-15-01326-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 3, Dallas County, Texas,
Trial Court Cause No. F15-54804-J.
Opinion delivered by Justice Fillmore, Chief Justice Wright and Justice Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section of the judgment titled "Offense for which Defendant Convicted" is modified to state "Attempted Theft Property <$200K ATM."

The section of the judgment titled "Degree of Offense" is modified to state "3rd Degree Felony."

The section of the judgment titled "Plea to 1st Enhancement Paragraph" is modified to state "True."

The section of the judgment titled "Findings on 1st Enhancement Paragraph" is modified to state "True."

The section of the judgment titled "Fine" is modified to state "$0."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 5th day of October, 2016.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JERRY STRANGE, Appellant

No. 05-15-01327-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 3, Dallas County, Texas,
Trial Court Cause No. F15-71177-J.
Opinion delivered by Justice Fillmore, Chief Justice Wright and Justice Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

> The section of the judgment titled "Plea to 1st Enhancement Paragraph" is modified to state "True."

> The section of the judgment titled "Findings on 1st Enhancement Paragraph" is modified to state "True."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 5th day of October, 2016.